George Logue
General Delivery
Boston, MA 02205



FILED
IN CLERK'S OFFICE
2003 DEC 15 P 3:20
U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
## BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| George Logue,<br><br>         Plaintiff<br>Vs.<br><br>Harvard University,<br><br>         Defendant | CIVIL ACTION<br><br>No. _____<br><br>COMPLAINT FOR DAMAGES<br>Wrongful Detention, Illegal Search<br>Referred to CMJ MBBCWk<br><br>UNLIMITED CIVIL CASE |

Comes now the plaintiff, in response to the conduct and actions of the Harvard Police of Harvard University.

FIRST CAUSE
(Wrongful Detention & Illegal Search)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is ignorant of true names of the defendant officers sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their capacity of employment. Plaintiff will amend this complaint to allege their true names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant officers 1 – 4 are, and at all times herein mentioned were, police officers employed by their codefendant Harvard University (hereafter Harvard), Massachusetts Avenue, Cambridge, Massachusetts, to protect the premises, people, and property therein.
4. Defendant, Harvard being a corporation, and at all times herein mentioned was duly organized and existing under the laws of the Commonwealth of Massachusetts. Harvard has it's principal place of business in Cambridge, Middlesex County, Massachusetts, and is, and at all times herein mentioned, was regularly engaged in providing University instruction and research.

1

5. Defendant officers 1 – 4 at all times herein mentioned were the agents and employees of their codefendant Harvard, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer, Harvard. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

Jurisdiction

6. A notice of this impending claim was presented to the immediate governing body of each department involved, as well as the President of the University. Copies of the notice are annexed as "A." This court has jurisdiction over this matter, pursuant to title 28 U.S.C., and plaintiff beseeches this court in order that an impartial forum is available.

Facts

7. On or about October 14, 2002, plaintiff was visiting the Harvard Law Library at Harvard University, whereupon it was established by inquiry to the librarians, that he was welcome as a guest to use certain resources for his personal research. Plaintiff asked if there were any other requirements at the library, whereupon he was informed that for the resources he intended to use, there were no other requirements. Since that time, plaintiff has visited Harvard several times a week to utilize resources at the library, including, and on January 2, 2003, and while visiting The Harvard Coop, plaintiff was searching for legal paper on which he intended to print legal documents to be submitted to the court. A sales representative informed plaintiff that, "the only local store that sells that paper is the bookstore in Harkens Hall at Harvard Law School."

8. On January 3, 2003, at approximately 9:45 a.m., defendant officers 1 and 2, and each of them, stopped, detained, threatened and, otherwise began to harass plaintiff while he was walking peaceably and in a law abiding manner through the lobby of, and while en route to the Harvard Law School bookstore in Harkens Hall. The officers, and each of them, questioned his identity and reason for being at Harvard. Plaintiff explained the research he was doing and his understanding that it was okay for him to be there. Defendant officers, and each of them proceeded to keep plaintiff, by force and threats, and against his will at this location, accused him publicly of having committed a crime of trespass and began to question him further regarding his reason for being in Harkens Hall and on Harvard property. Plaintiff, in fear of being wrongfully accused of a crime, at first requested counsel and was denied by officers 1 and 2, who called for backup. Defendant officers 3 and 4 arrived, and each of them continued to detain plaintiff, forcing him to remove his backpack, remain seated, and answer questions by intimidating him for more than an hour. Defendant officer 2 and 3 departed shortly thereafter. Defendant officer 1 asked if he could look in plaintiff's grocery bag. Upon plaintiff's denial, officers 1 and 4, and each of them, forced plaintiff to get on his knees as students passed by, began to search his belongings, remove and examine articles, and publicly accuse and rebuke him, again, of breaking the law by possessing illegal substances. Plaintiff denied the allegation. Defendant officers, and each of them searched his belongings without probable cause, violating his fourth amendment right which states in part, "…the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures…" When officers realized that the items were of no consequence, they threatened plaintiff never to return to the

Harvard campus and told him to leave. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties, by acting under color of state law. 42 U.S.C. S 1983 (1988).
9. The unlawful conduct of the defendant police officers, and each of them, deprived the plaintiff of his personal liberty, where he was humiliated and embarrassed in public, and as a result, suffered great pain and anguish of the mind. Further, as a proximate result, of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.
10. The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
(Negligent Entrustment)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 10, inclusive, of the First Count.
2. Defendant Harvard University negligently hired and entrusted defendant police officers 1 – 4 to protect its property and premises and to investigate possible harm to its property or premises and to perform other related functions.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

12.15.03                                    _Drouge Sype_

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| George Logue,<br><br>    Plaintiff<br>Vs.<br><br><br>Harvard University,<br><br>    Defendant | CIVIL ACTION<br><br>No._____<br><br>**COMPLAINT FOR DAMAGES**<br>Assault & Battery, Slander<br><br><br>UNLIMITED CIVIL CASE |

## SECOND CAUSE
(Assault & Battery)

Plaintiff alleges:

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-10, inclusive, of the First Count of the First Cause.
2. Defendant's egregious acts, and each of them, were intentional, unconsented, and harmful to plaintiff, were unreasonable and unnecessary for the purpose of any investigation, and violated the scope of Massachusetts General Laws regarding search and seizure. In doing the acts as alleged above, defendants, and each of them, intended to cause or to place plaintiff in apprehension of a harmful and offensive contact with plaintiff's person.
3. As a result of defendant's acts as alleged above, plaintiff, in fact, was placed in great apprehension of a harmful and offensive contact with plaintiff's person. At no time did plaintiff consent to any of the acts of defendants alleged in the action above.
4. As a proximate result of the acts of defendants, and each of them, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.
5. As a further proximate result of the acts of defendant officers, plaintiff was injured in his health, strength, and activity, suffered humiliation, anxiety, mental anguish, and emotional and physical distress, sustaining shock and injury to his nervous system and person, all of which injuries have caused plaintiff to suffer physical pain and severe mental anguish, all to his damage.
6. The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
( Slander)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-10, inclusive, of the First Count of the First Cause.
2. Because of the false, defamatory and public statements made by defendant Harvard Police officers, plaintiff has been unable to feel secure in his relationships with students, faculty and other people of the community with whom he formerly had contact.
3. As a proximate result, of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage. As a further proximate result of the acts of the defendant officers, plaintiff was injured in his stature, health, strength, and activity, suffered humiliation, and anxiety, and now suffers from post-traumatic stress from the offense, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

12-15-03                                        *[signature]*

2

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| George Logue, | CIVIL ACTION |
| Plaintiff | No._____ |
| Vs. | **COMPLAINT FOR DAMAGES** |
|  | Intentional Infliction of Emotional Distress |
| Harvard University, |  |
| Defendant | UNLIMITED CIVIL CASE |

THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.
2. Plaintiff is ignorant of true names of the defendant officers sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their capacity of employment. Plaintiff will amend this complaint to allege their true names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.
3. Defendant officers 1 – 4 are, and at all times herein mentioned were, police officers employed by their codefendant Harvard University (hereafter Harvard), Massachusetts Avenue, Cambridge, Massachusetts, to protect the premises, people, and property therein.
4. Defendant, Harvard being a corporation, and at all times herein mentioned was duly organized and existing under the laws of the Commonwealth of Massachusetts. Harvard has it's principal place of business in Cambridge, Middlesex County, Massachusetts, and is, and at all times herein mentioned, was regularly engaged in providing University instruction and research.
5. Defendant officers 1 – 4 at all times herein mentioned were the agents and employees of their codefendant Harvard, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

1

Jurisdiction

6. A notice of this impending claim was presented to the immediate governing body of each department involved, as well as the President of the University. Copies of the notice are annexed as "A." This court has jurisdiction over this matter, pursuant to title 28 U.S.C., and plaintiff beseeches this court in order that an impartial forum is available.

Facts

7. On or about October 14, 2002, plaintiff was visiting the Harvard Law Library at Harvard University, whereupon it was established by inquiry to the librarians, that he was welcome as a guest to use certain resources for his personal research. Plaintiff asked if there were any other requirements at the library, whereupon he was informed that for the resources he intended to use, there were no other requirements. Since that time, plaintiff has visited Harvard several times a week to utilize resources at the library, including, and on January 2, 2003, and while visiting The Harvard Coop, plaintiff was searching for legal paper on which he intended to print legal documents to be submitted to the court. A sales representative informed plaintiff that, "the only local store that sells that paper is the bookstore in Harkens Hall at Harvard Law School."

8. On January 3, 2003, at approximately 9:45 a.m., defendant officers 1 and 2, and each of them, stopped, detained, threatened and, otherwise began to harass plaintiff while he was walking peaceably and in a law abiding manner through the lobby of, and while en route to the Harvard Law School bookstore in Harkens Hall. The officers, and each of them, questioned his identity and reason for being at Harvard. Plaintiff explained the research he was doing and his understanding that it was okay for him to be there. Defendant officers, and each of them proceeded to keep plaintiff, by force and threats, and against his will at this location, accused him publicly of having committed a crime of trespass and began to question him further regarding his reason for being in Harkens Hall and on Harvard property. Plaintiff, in fear of being wrongfully accused of a crime, at first requested counsel and was denied by officers 1 and 2, who called for backup. Defendant officers 3 and 4 arrived, and each of them continued to detain plaintiff, forcing him to remove his backpack, remain seated, and answer questions by intimidating him for more than an hour. Defendant officers 2 and 3 departed shortly thereafter. Defendant officer 1 asked if he could look in plaintiff's grocery bag. Upon plaintiff's denial, officers 1 and 4, and each of them, forced plaintiff to get on his knees as students passed by, began to search his belongings, remove and examine articles, and publicly accuse and rebuke him, again, of breaking the law by possessing illegal substances. Plaintiff denied the allegation. Defendant officers, and each of them searched his belongings without probable cause, violating his fourth amendment right which states in part, "...the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures..." When officers realized that the items were of no consequence, they threatened plaintiff never to return to the Harvard campus and told him to leave. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties, by acting under color of state law. 42 U.S.C. S 1983 (1988).

9. The unlawful conduct of the defendant police officers, and each of them, deprived the plaintiff of his personal liberty, where he was humiliated and embarrassed in public, and as a result, suffered great pain and anguish of the mind. Further, as a proximate result, of the

2

acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.

10. Defendant officer's egregious acts were intentional, were unreasonable and unnecessary for the purpose of any investigation, or to enforce any law, as the plaintiff had not ventured beyond those locations to which he had received permission or had been directed to be. Further, defendant's knowledge that the plaintiff was visibly upset as a result of the detention, that plaintiff was very cognizant of where he was allowed to be, that by stopping him in a space that was not a violation, and treating him, as described, in front of other students, and observing that plaintiff was becoming visibly distraught as a result of defendant's actions, ratified that the officers overall conduct was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

11. As a further proximate result of the acts of defendant officers, plaintiff was injured in his health, strength, and activity, suffered humiliation, anxiety, mental anguish, and emotional and physical distress, sustaining shock and injury to his nervous system and person, all of which injuries have caused plaintiff to suffer physical pain and severe mental anguish, including recurrent headaches and nausea, the fear of law enforcement personnel and loss of respect and trust for all police, and inherent and recurrent sustained feelings of agitation, irritability, and anxiety, all to his damage. The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $2,000,000;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

12-15-03

*Denys Pogue*

3

VERIFICATION

I, _George Logue_, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

12.15.03

_George Logue_

4

"A"

George Logue
General Delivery
Boston, MA 02205

January 3, 2003

President Lawrence Summers
Office of the President
Harvard University
Massachusetts Hall
Cambridge, MA 02138

Dear Sir,

I am sending you this message regarding a very embarrassing episode which took place this morning in Harkens hall. I was stopped and harassed by two Harvard Police officers for no apparent reason. I will spare you the details about this morning and allow them to inform you as to what transpired, except to say that when it was all over, I was told to leave campus and to never return. I will just say that I have been visiting Harvard for several months and using the law library with the understanding that it was perfectly okay for me to be there. Yesterday, while in the Coop, I was told that the only place, locally, that I could find the legal paper I need to present to the court, could be purchased in the Harkens bookstore! Hence, my reason for being at that location when the officers began to question me.

Having attended Harvard's Extension school and spent a great deal of pleasurable time studying and, as I say, most recently working on some legal matters, I was shocked and appalled at the treatment I received this morning.

I will speak plainly sir. I wish nothing more than an apology. I am too young and far from being jaded to go forth with another legal action. However, I will not hesitate to do so if this incident does not receive the proper attention it deserves.

Very truly yours,

George Logue

CC: M. Levine
    Harvard Police - North