UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | CIVIL ACTION |
| George Logue | Case No. 03-12637 - DPW |
| Plaintiff |  |
| v. |  |
| Harvard University |  |
| Defendant |  |

**PLAINTIFF'S MOTION TO TAKE
DEPOSITION AND TO LIMIT EXAMINATION**

Comes now the plaintiff with this motion to this Honorable Court to take depositions of defendants pursuant to Federal Rules of Civil Procedure Rule 30. Where plaintiff has been served by defense counsel to make a deposition, and plaintiff himself requires taking depositions, plaintiff makes these motions to facilitate an equitable forum and because of his status as a pro se litigant in which he has only been able to proceed IFP. This motion is made in conjunction with the accompanying Motion To Appoint Person Before Whom Depositions May Be Taken.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiff respectfully requests the court for an order, pursuant to Rule 30(a), granting plaintiff the means by which he may take oral depositions, as defined in that rule, of defendants specifically identified in his letter of automatic disclosure, December 15, 2004. This motion is submitted for defendants with knowledge of the facts and files pertaining to the incident in this case This motion is also made in an attempt to consolidate and minimize time and costs where defendant had first served plaintiff with notice of deposition. This motion is submitted following plaintiff's recent motion to enlarge the original discovery period and in which parties failed to accomplish all tasks within the frame set by the original scheduling order.

The depositions are for use in the development of this case where plaintiff is informed and believes that the deponents have knowledge of the particular incident. Plaintiff further requests that the court, in it's order, issue a statement pursuant to Rule 30(d) outlining the scope and manner of the depositions to eliminate examinations conducted in bad faith or in such a manner as to unreasonably annoy, or embarrass plaintiff, or conversely to oppress evidence which might be given by defendant witnesses and to which plaintiff is entitled pursuant to Rule 26.

Respectfully submitted,

*/s/ George Logue*

July 3, 2005
Date