DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

| | |
|---|---|
| George Logue<br><br>Plaintiff,<br><br>v.<br><br>Harvard University<br><br>Defendant. | CIVIL ACTION<br>NO.: 03-12637-DPW |

### THE DEFENDANT, HARVARD UNIVERSITY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS

The defendant, Harvard University ("Harvard"), by their attorneys, hereby request that this Honorable Court deny plaintiff's motion to compel production of documents. As grounds for their opposition, Harvard states as follows:

Preliminarily, in filing this motion with the Court, the plaintiff has failed to comply with Local Rule 7.1(2). Prior to the filing of his motion to compel, the plaintiff did not contact defense counsel in an attempt to resolve or narrow the issues that are the subject to his motion to compel (See Affidavit of Attorney Robert W. Healy attached hereto as **Exhibit A**) As such, the plaintiff's motion should be denied summarily.

Without waiving the above argument, the plaintiff's motion to compel should be denied. In his motion, the plaintiff fails to identify specific examples of request(s) that Harvard failed to, or inadequately responded. Furthermore, the plaintiff failed to make specific arguments as to why specific Harvard response(s) were inadequate or incomplete.

Finally, Harvard responded to each of the plaintiff's requests for production documents with appropriate objections and the grounds for the same pursuant to pursuant to Fed. R. Civ. P. 34(b). All of the plaintiff's requests to Harvard are vague, confusing and are unlikely to lead to the discovery of admissible evidence as requested. Furthermore, the plaintiff seeks information relating to parties who are not defendants to this action. Harvard appropriately objected to all of the plaintiff's requests on these grounds (See a copy of the plaintiff's requests for production of documents and Harvard's responses attached hereto as **Exhibit B and C**).

## CONCLUSION

For the above stated reasons, the defendant, Harvard University, respectfully requests that this Court deny the plaintiff's motion to compel responses to requests for production of documents.

        HARVARD UNIVERSITY
        By their attorney,

        */s/ Robert W. Healy*
        John F. Rooney, III
        BBO# 426895
        Robert W. Healy
        BBO# 630714
        Melick, Porter & Shea, LLP
        28 State Street
        Boston, MA 02109-1775
        (617) 523-6200

DATED: August 26, 2005

# Exhibit A

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

George Logue
    Plaintiff,

v.

Harvard University
    Defendant.

CIVIL ACTION
NO.: 03-12637-DPW

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF ATTORNEY ROBERT W. HEALY

I Robert W. Healy, hereby depose at state as follows:

1.    I am attorney with the law firm of Melick, Porter and Shea, LLP.

2.    I have been retained by the defendant, Harvard University, in the above entitled action.

3.    Prior to the plaintiff filing his motion to compel production of documents, the plaintiff failed to confer with me in any fashion in an attempt to resolve or narrow the issues that are the subject of his motion.

4.    Over the course of this litigation I have had difficulty contacting the plaintiff relating to various procedural issues, as the contact information he has provided to my office is inaccurate.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS  26th  DAY OF AUGUST 2005.

                                                  /s/ Robert W. Healy
                                                    Robert W. Healy

# Exhibit B

# UNITED STATES DISRICT COURT
# DISTRCT OF MASSACHUSETTS

|  |  | CIVIL ACTION |
|---|---|---|
| George Logue | ] | CASE NO <u>03-12637</u>- DPW |
|  | ] |  |
| Plaintiff | ] |  |
|  | ] |  |
| v. | ] |  |
|  | ] |  |
| Harvard Police | ] |  |
|  | ] |  |
| Defendants | ] |  |
|  | ] |  |
|  | ] |  |

### Plaintiff's Request For Production of Documents

This request for production of documents pertains to the action under 42 USCS §1983 in which the facts alleged are outlined in plaintiff's complaint.

Plaintiff hereby requests the defendants, Harvard Police Department to produce and permit plaintiff to inspect the following documents in accordance with Rule 34 of Federal Rules of Civil Procedure:

1. Any and all written procedures for the investigation of complaints of use of unreasonable force by Harvard Police officers, duly adopted, promulgated, and in effect on January 3, 2003.

2. All records of complaints filed with the Harvard Police Department or the State[1] against the individual defendant's including defendant police officers Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, and while any of them have been employed as officers, and any and all records of investigations conducted on the basis of such complaints.

3. All records of complaints regarding unreasonable use of force, abuse of official position, and abuse of due process of law by any of the aforementioned defendants, and that were delivered to the department or state manager or administrator during the period five years before and up to January 3, 2003.

---

[1] Referring to the Commonwealth of Massachusetts and it's State Police Department wherein it is understood these college police receive a special commission under the state.

4. All records concerning disciplinary action taken against Harvard University police during the past five (5) years for unreasonable use of force, abuse of official position, or abuse of due process of law.

5. All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from civil liability.

6. All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from liability for violations of civil rights.

7. Any and all Field Administrative Reports filed by the individual defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio while employed by the state or Harvard University.

8. Any and all Use of Force When Making an Arrest Forms, filed by any of the individually identified defendants while employed by Harvard University.

9. Any and all Field Administrative Reports filed by Harvard University police officers during the past five years.

10. Any and all Use of Force When Making an Arrest Forms, filed by Harvard University police officers during the past five years.

11. Records of any and all Harvard University police or related state police departments Internal Affairs Division investigations of any of defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, conducted while they employed by the University.

12. Records of any and all Harvard University Police Departments Internal Affairs Division investigations of Harvard University Police officers for unnecessary use of force, abuse of official position, or abuse of due process of law which have been conducted in the past five years.

13. Any and all records of sums of money paid by defendant to individuals in settlement, compromise, or satisfaction of claims against Harvard University police officers for unreasonable use of force, abuse of official position, or abuse of due process which have been paid during the past five years.

14. Any and all Harvard University Police Dispatch Recordings regarding the incident in this instant case and that took place on January 3, 2005

**Exhibit C**

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * * * *
                                *
George Logue                    *
                                *
        Plaintiff,              *
                                *
v.                              *   CIVIL ACTION
                                *   NO.: 03-12637-DPW
                                *
Harvard University              *
                                *
        Defendant.              *
                                *
* * * * * * * * * * * * * * * * *
```

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

**Request No. 1**

Any and all written procedures for the investigation of complaints of use of unreasonable force by Harvard Police officers, duly adopted, promulgated, and in effect on January 3, 2003.

**Response No. 1**

**The defendant objects to Request No. 1 on the grounds that the request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 2**

All records of complaints filed with the Harvard Police Department or the State[1] against the individual defendants, including defendant police officers Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, and while any of them have been employed as officers, and any and all records of investigations conducted on the basis of such complaints.

---

[1] Referring to the Commonwealth of Massachusetts and its State Police Department wherein it is understood these college police receive a special commission under the state.

**Response No. 2**

**The defendant objects to Request No. 2 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request. The defendant also objects to this Request on the grounds that it assumes that police officers within their Department receive "a special commission."**

**Request No. 3**

All records of complaints regarding unreasonable use of force, abuse of official position and abuse of due process of law by any of the aforementioned defendants, and that were delivered to the department or state manager or administrator during the period five years before and up to January 3, 2003.

**Response No. 3**

**The defendant objects to Request No. 3 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 4**

All records concerning disciplinary action taken against Harvard University police during the past five (5) years for unreasonable use of force, abuse of official position, or abuse of due process of law.

**Response No. 4**

**The defendant objects to Request No. 4 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 5**

All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from civil liability.

**Response No. 5**

**The defendant objects to Request No. 5 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 6**

All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from liability for violations of civil rights.

**Response No. 6**

**The defendant objects to Request No. 6 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 7**

Any and all Field Administrative Reports filed by the individual defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio while employed by the state or Harvard University.

**Response No. 7**

**The defendant objects to Request No. 7 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

**Request No. 8**

Any and all Use of Force When Making an Arrest Forms, filed by any of the individually identified defendants while employed by Harvard University.

**Response No. 8**

**The defendant objects to Request No. 8 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

**Request No. 9**

Any and all Field Administrative Reports filed by Harvard University police officers during the past five years.

**Response No. 9**

**The defendant objects to Request No. 9 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 10**

Any and all Use of Force When Making an Arrest Forms, filed by Harvard University police officers during the past five years.

**Response No. 10**

**The defendant objects to Request No. 10 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 11**

Records of any and all Harvard University police or related state police departments Internal Affairs Division investigations of any of defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, conducted while they were employed by the University.

**Response No. 11**

**The defendant objects to Request No. 11 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

**Request No. 12**

Records of any and all Harvard University Police Department Internal Affairs Division investigations of Harvard University Police officers for unnecessary use of force, abuse of official position, or abuse of due process of law which have been conducted in the past five years.

**Response No. 12**

**The defendant objects to Request No. 12 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seek privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

**Request No. 13**

Any and all records of sums of money paid by defendant to individuals in settlement, compromise, or satisfaction of claims against Harvard University police officers for unreasonable use of force, abuse of official position, or abuse of due process which have been paid during the past five years.

**Response No. 13**

**The defendant objects to Request No. 13 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 14**

Any and all Harvard University Police Dispatch Recordings regarding the incident in this instant case and that took place on January 3, 2003.

**Response No. 14**

**To the extent that any such recordings exist, the defendant agrees to produce the requested document.**

                                    Harvard University
                                    By its Attorneys,

                                    _[signature]_
                                    John F. Rooney, III, BBO# 426895
                                    Robert W. Healy, BBO# 630714
                                    Melick, Porter & Shea, LLP
                                    28 State Street
                                    Boston, MA  02109-1775
                                    (617) 523-6200

DATED: 8/5/05

## CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

George Logue
General Delivery
Boston, MA 02205

*Robert W. Healy*
Robert W. Healy

Date: 8/5/05