DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
　　　　　　　　　　　　　　　　　　　 \*
George Logue　　　　　　　　　　　　\*
　　　　　　　　　　　　　　　　　　　 \*
　　　　Plaintiff,　　　　　　　　　　 \*
　　　　　　　　　　　　　　　　　　　 \*
v.　　　　　　　　　　　　　　　　　　\*　　CIVIL ACTION
　　　　　　　　　　　　　　　　　　　 \*　　NO.: 03-12637-DPW
　　　　　　　　　　　　　　　　　　　 \*
Harvard University　　　　　　　　　　\*
　　　　　　　　　　　　　　　　　　　 \*
　　　　Defendant.　　　　　　　　　　 \*
　　　　　　　　　　　　　　　　　　　 \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**THE DEFENDANT, HARVARD UNIVERSITY'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT**

### I. STATEMENT OF FACTS[1]

The defendant, Harvard University ("Harvard"), whose true name is the President and

Fellows of Harvard College, is a private university. Its campuses and the buildings are private

property, which are not generally open to the public, but rather are only open to students, faculty,

employees, or others with a legal purpose. (Affidavit of Charles Marren, ¶3) (hereafter "Marren")

The majority of the buildings on the Harvard Campuses have signs posted warning against

trespassing and solicitation. (Marren, ¶4).

Harvard has its own police department. All of the officers are duly deputized as "special

police officers" in Middlesex and Suffolk Counties, as well as special State Police officers.

(Marren, ¶2).

---

[1]This summary is provided for the Court's convenience. A detailed Statement of Material
Facts pursuant to Local Rule 56.1 is included with this memorandum.

On January 3, 2003, Harvard University Police Officer Charles Marren was on routine patrol at the Harvard Law School. Around this time, the Law School was experiencing a rash of stolen laptop computers (Marren, ¶5 ). At approximately 10:20 a.m. Officer Marren observed the plaintiff inside the Harkness Commons Building. (Marren, ¶6). No trespassing signs were posted outside of Harkness Commons. Due to the plaintiff's appearance, Officer Marren approached the plaintiff to inquire about his reasons for being inside a Harvard building (Marren, ¶6). Officer Marren ascertained that the plaintiff had no legitimate reason for being inside Harkness Commons, as he was not a student, employee or faculty member (Marren, ¶7). As such, the plaintiff was trespassing inside the building.

Additionally, during this encounter with the plaintiff, Officer Marren received assent from the plaintiff to search his person and he called for backup and requested that a warrant check be run for the plaintiff. The warrant check revealed that the plaintiff had been arrested for trespassing at the Massachusetts Institute of Technology just days before (Marren, ¶8). Officer Marren gave the plaintiff a verbal trespass warning and he was escorted from the campus (Marren, ¶10).

The plaintiff filed this suit on December 15, 2003 and later amended his complaint. Harvard is the only named defendant (**Exhibit A**, Plaintiff's Complaint). The plaintiff in three separate filings is alleging several causes of action against Harvard relating to his encounter with the Harvard Police Officers and his assertion that the officers wrongfully detained and searched him.

The plaintiff is also alleging "negligent entrustment"[2], slander, intentional infliction of

---

[2]Presumably, the plaintiff is alleging Harvard negligently hired and trained its officers.

2

emotional distress and assault and battery.   The plaintiff in his complaint also names "defendant officers 1-4." However, the complaint was never amended to add these unnamed officers as defendants, nor where they served with the plaintiff's complaint. Pursuant to the scheduling order, the plaintiff is time barred from amending his complaint to add these defendant officers individually.[3]

The parties have exchanged written discovery.  Harvard has attempted to take the deposition of the plaintiff. However, due to difficulties communicating with the plaintiff, that deposition has not been conducted.

## II. STATEMENT OF MATERIAL FACTS

1.      Harvard University is a private educational institution.  The campus and its buildings are private property, which are generally not open to the public. (Marren Affid., ¶3 )

2.      All of the buildings located on the campus are posted with no trespassing warnings.  (Marren Affid., ¶4 )

3.      On January 3, 2003, the plaintiff was not a student, employee or member of the Harvard facility (**Exhibit B**, Plaintiff's Answer to Harvard's Interrogatory No. 2[4]).

4.      Officer Charles Marren was employed as a Harvard University Police Officer on January 3, 2003. (Marren Affid., ¶1).

5.      Officer Marren approached the plaintiff to inquire is status inside the Harkness

---

[3]Harvard, in its Initial Disclosures provided the names of all the officers even remotely involved in the subject incident.  It did so before the deadline provided for the plaintiff to amend his complaint.  A deadline that the plaintiff insisted upon at the parties initial scheduling conference.

[4]Harvard includes its Interrogatories with the plaintiff's answers for the Court's convenience as the plaintiff did not incorporate the Interrogatories with his answers.

Commons building located on the Harvard law School campus. (Marren Affid., ¶7 ).

6.     Officer Marren had a brief encounter with the plaintiff to ascertain his status on campus, as well as to determine if the plaintiff had any outstanding warrants (Marren Affid., ¶¶7-10 ).

7.     Officer Marren also received the plaintiff's consent to search his bags. (Marren Affid., ¶ 9).

8.     The plaintiff was given a verbal No Trespass Warning and escorted from the campus. (Marren Affid., ¶10 ).

9.     The entire exchange with the plaintiff took less than fifteen minutes. (Marren Affid., ¶11 ).

## ARGUMENT

Summary Judgment is appropriate where there is "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56.  To avoid summary judgment, the non-moving party must establish "through materials of evidentiary quality that a genuine dispute exists about some material fact." *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 8 (1st Cir. 2004).   The non-moving party cannot avoid summary judgment merely by contesting the moving party's facts.  Rather, he must proffer sufficient admissible evidence "to permit a reasonable jury to resolve the [disputed materials facts] in [his favor]." *Hodkins v. New England Tel. Co.,* 82 F.3d 1226, 1229 (1st Cir. 1996) (quoting *NASCO, Inc. V. Public Storage, Inc.* 29 F.3d 28, 32 (1st Cir. 1994)).  Any dispute of fact must be material in order for summary judgment to be avoided.  Not every genuine factual conflict requires a trial.  "It is only when a disputed fact has the potential to change the outcome of the suit under governing law . . . that the

materiality hurdle is cleared." *Parrilla-Burgos v. Hernandez-Rivera*, 108 F3d. 445, 448 (1st Cir.

1997). If the contrary evidence submitted by the non-moving party is "merely colorable, or is not

significantly probative, summary judgment may be granted." *Acosta*, 386 F.3d. At 8 (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)).

## I.    HARVARD UNIVERSITY POLICE DEPARTMENT IS NOT SUBJECT TO SUIT UNDER SECTION 1983 FOR ALLEGED VIOLATIONS OF THE PLAINTIFF'S CIVIL RIGHT

Section 1983 of Title 42 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to be deprived of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action, suit, equity, or other proper proceeding. 42 U.S.C. §1983 (1997) (emphasis added).

Therefore, for the purposes of this statute, the Harvard University Police Department and the

defendant, Harvard University, are non-persons and consequently are not subject to suit. *See*

*Johnson v. Rodriquez*, 943 F. 2d 104, 108 (1st Cir. 1991); *Curran v. City of Boston*, 777 F. Supp.

116, 120 (D. Mass. 1991) (dismissing a claim against the city police department as a non-person

and not subject to suit under §1983); *Cronin v. Town of Amesbury*, 895 F. Supp. 375 383 (D.

Mass 1995); *Laubinger v. Department of Revenue*, 41 Mass. App. Ct. 598, 601 (1996).

Therefore, the plaintiff's civil rights claims against the defendant are not viable and must be

dismissed.

## II.    THE HARVARD UNIVERSITY POLICE OFFICERS ENCOUNTER WITH THE PLAINTIFF WAS LAWFUL

Harvard University is a private institution and its buildings and facilities are private

property. (Marren Affid., ¶3 ). As such, its police department has the legal authority to

5

determine if any person or persons present on the campus has permission to be on the campus. Officer Marren did just that when he encountered the plaintiff in Harkness Commons. Officer Marren inquired of the plaintiff's status as a person with a legal right to be in the building. This exchange was unobtrusive, short in length and reasonable.

During this exchange with the plaintiff, Officer Marren learned that the plaintiff was not a student or an employee of the University. Officer Marren also asked for permission to search the plaintiff's bag and received the same from the plaintiff. After learning there were no outstanding warrants for the plaintiff[5], he was escorted from the campus and given a verbal no trespass warning. Again, this exchange was brief, perfunctory and with the permission of the plaintiff.

Under the much analyzed _Terry_ doctrine Officer Marren "based merely on a reasonable and articulable suspicion, may make a brief stop . . . of an individual to investigate suspected past or present criminal activity." _United States v. McCarthy_, 77 F.3d 522, 529 (1st Cir. 1996), _cert denied_ 519 U.S. 1093 (1997). In assessing the reasonableness of a stop, any analysis must be focused upon "a practical, commonsense judgment based on the idiosyncracies of the case at hand." _United States v. Hornbecker_, 31F.3d 40, 47 (1st Cir. 2003) (citations omitted). "It also requires deference . . . to the experienced perceptions of the officers." _Id_. Officer Marren's actions in approaching the plaintiff, or any other person on Harvard's campus for that matter, to determine whether they have a legal right to be on private property was reasonable and did not violate any of the plaintiff's constitutional rights. The stop of the plaintiff never rose to the forceful nature as alleged in his complaint.

---

[5]Officer Marren did learn that the plaintiff had been arrested two days prior for trespassing at the Massachusetts Institute of Technology. That arrest resulted in a strikingly similar suit against that University, which has been subquently dismissed by this Court.

Furthermore, the plaintiff also alleging that his bags were impermissible searched.

However, Officer Marren asked for and obtained consent to search the plaintiff's backpack    A

knowingly and freely obtained consent to search the plaintiff's bag does not violate any of his

constitutional rights. *United States v. Mendenhall*, 446 U.S. 544, 558 (1980)  Furthermore, proof

of the plaintiff's knowledge of his right to refuse the search is not necessary. *Id*.

### III.    THE DEFENDANT CANNOT BE LIABLE UNDER §1983 FOR THE ACTIONS OF ITS EMPLOYEES UNDER A THEORY OF RESPONDEAT SUPERIOR

Assuming *arguendo* that Officer Marren and/or any of the other officers who were

involved in the January 3, 2003, incident involving the plaintiff did violate any of the plaintiff's

Constitutionally protected rights, a Section 1983 claim may not be premised upon a theory of

respondeat superior. *Monell v. New York Department of Social Services*, 436 U.S. 658, 691

(1978).  The plaintiff.  In order to prevail against Harvard for the actions of its employees, the

plaintiff must allege that his alleged injuries are the result of an official policy or custom.

*Santiago v. Fenton*, 891 F.2d 373, 381 (1st Cir. 1989).  "The plaintiff must assert both the

existence of a policy or custom and a causal link between that policy or custom and the

constitutional injury." *Curran v. City of Boston*, 777 F. Supp. 116, 121 (D. Mass. 1991), *citing*

*Santiago*, 891 F.2d at 381.

In this case, the plaintiff's claims against Harvard for the actions of its employees is based

upon its alleged "negligent entrustment" (Plaintiff's Complaint Second Count*)*.  "In order to

assert such a basis for a Section 1983 claim, the [plaintiff] must allege that [his] injuries were

caused by a custom or policy of gross negligence amounting to deliberate indifference in the

recruitment, training, supervision or discipline of [its] officers." *Curran*, 777 F. Supp. at 121

(citations omitted). The plaintiff has made no such assertions in his Complaint, or in his answers to interrogatories. Accordingly, to the extent that the plaintiff's complaint might allege that Harvard, through its agents, servants or employees acted in contravention of the plaintiff's civil rights, it must fail.

Finally, the plaintiff is alleging that Harvard committed slander, assault and battery as well as intentional infliction of emotional distress. Again, as the only defendant in this action is Harvard and these alleged claims are based upon the actions of individuals, those claims must fail as well.

### IV.   HARVARD AND ITS EMPLOYEES ENJOY QUALIFIED IMMUNITY FOR EXERCISING THEIR DISCRETIONARY AUTHORITY

Again, assuming *arguendo* that any of the Harvard University police officers conduct surrounding the January 3, 2003, incident amounts to a constitutional violation then the officer(s) are entitled to qualified immunity. Generally, police officers performing discretionary functions are shielded from liability for their actions, provided their conduct violates no clearly established statutory or constitutional right the officer reasonably should have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In analyzing whether qualified immunity is applicable, the Court must first determine "whether the plaintiff has asserted a violation of a constitutional right at all" *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The Court's inquiry must focus "not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." *Singer v. State of Maine*, 49 F.3d 837, 845 (1st Cir. 1995). In the present case, the only allegations the plaintiff has made are of a general, abstract and conclusory nature. (See

Plaintiff's Complaint). As such, the plaintiff's claims against individual Harvard officers, if they so exist, must fail under this analysis.

However, assuming the Court is of the determination that the plaintiff's claims are not too broad to permit an analysis of whether qualified immunity applies to these officers, then the plaintiff's claims still fail. The second prong of a qualified immunity analysis requires a determination of whether there is a " "legitimate question" as to whether an [officer's] conduct amounts to a constitutional violation, then the qualified immunity defense protects that [officer.]" *Corbin v. City of Springfield*, 942 F. Supp 721, 725 (D. Mass 1996). Officer Marren was within his police powers to stop, question and determine the plaintiff's reasons for being on the Harvard campus. His exchange with the plaintiff and subsequent consensual search of the plaintiff's bags was also legitimate. As such, he and the other officers enjoy qualified immunity from liability, if such an analysis is even required in this case.

## CONCLUSION

For the reasons set forth above, the defendant, Harvard University hereby requests that its motion for summary judgment be allowed.

## REQUEST FOR A HEARING

The defendant requests a hearing on its motion.

HARVARD UNIVERSITY
By their attorney,


*/s/ Robert W. Healy*
John F. Rooney, III
BBO# 426895
Robert W. Healy
BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA  02109-1775
(617) 523-6200

DATED:      9/12/05


## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

I hereby certify that I have attempted to confer with the plaintiff and attempted in good faith to resolve or narrow the issues presented by this motion.

/s/ Robert W. Healy

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * *    *
                                 *
George Logue                     *
                                 *
        Plaintiff,               *
                                 *
v.                               *    CIVIL ACTION
                                 *    NO.: 03-12637-DPW
                                 *
Harvard University               *
                                 *
        Defendant.               *
                                 *
                                 *
* * * * * * * * * * * * * * *    *
```

**AFFIDAVIT OF OFFICER CHARLES MARREN**

I Charles Marren, hereby depose at state as follows:

1.      I am presently employed by Harvard University as a Police Officer.  I have been employed in this capacity for the past five years.

2.      Harvard University has its own police force.  Then department comprises approximately fifty-one sworn officers.  All of the sworn officers hold commissions as deputy sheriffs in both Middlesex and Suffolk County as well as sworn Special State Police officers.

3.      Harvard University is a private university.  The campus and its buildings are not generally open to the public.

4.      The majority of the building on campus, including Harkness Commons are posted to prohibit trespassing.

5.      On January 3, 2003, I was on routine patrol.  I entered the Harkness Commons building.  Around that time, this building with is associated with the Law School was

experiencing a rash of laptop computer thefts.   As such, I was on the look out for persons who might not be affiliated with the Law School.

6.       Around this same time I observed the plaintiff who was carried an oversized back pack that appeared full to its capacity.  I had never observed the plaintiff previous to that day.

7.       I approached the plaintiff and asked if he was affiliated with the University.  The plaintiff informed me he was not.

8.       I obtained the plaintiff's biographical information and had dispatch run a warrant check.  I also asked for back up officers to respond.  While the plaintiff had no outstanding warrants, I learned he had been arrested just two days prior for trespassing on the campus of the Massachusetts Institute of Technology in Cambridge.

9.       Based upon my observations of the plaintiff's backpack and some of its contents, I asked the plaintiff for permission to search his backpack, which the plaintiff consented to.

10.      Following my search of the plaintiff's backpack, the plaintiff was escorted from the Harkness Commons building and given a verbal no-trespassing warning.

11.      The entire exchange with the plaintiff took no longer than five to ten minutes.


SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS __12TH

DAY OF SEPTEMBER 2005.

Charles Marren

Exhibit A

George Logue
General Delivery
Boston, MA 02205

FILED
IN CLERK'S OFFICE

2003 DEC 15 P 3: 20

U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

# BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| | ) CIVIL ACTION |
| | ) |
| | ) |
| George Logue, | ) No. |
| | ) |
| Plaintiff | ) COMPLAINT FOR DAMAGES |
| Vs. | ) Wrongful Detention, Illegal Search |
| | ) Referred to CMJ MBBook |
| | ) |
| Harvard University, | ) |
| | ) UNLIMITED CIVIL CASE |
| Defendant | ) |

Comes now the plaintiff, in response to the conduct and actions of the Harvard Police of Harvard University.

### FIRST CAUSE
#### (Wrongful Detention & Illegal Search)

Plaintiff alleges:

#### Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.

2. Plaintiff is ignorant of true names of the defendant officers sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their capacity of employment. Plaintiff will amend this complaint to allege their true names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

3. Defendant officers 1 – 4 are, and at all times herein mentioned were, police officers employed by their codefendant Harvard University (hereafter Harvard), Massachusetts Avenue, Cambridge, Massachusetts, to protect the premises, people, and property therein.

4. Defendant, Harvard being a corporation, and at all times herein mentioned was duly organized and existing under the laws of the Commonwealth of Massachusetts. Harvard has it's principal place of business in Cambridge, Middlesex County, Massachusetts, and is, and at all times herein mentioned, was regularly engaged in providing University instruction and research.

1

5.  Defendant officers 1 – 4 at all times herein mentioned were the agents and employees of their codefendant Harvard, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer, Harvard. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

Jurisdiction

6.  A notice of this impending claim was presented to the immediate governing body of each department involved, as well as the President of the University. Copies of the notice are annexed as "A." This court has jurisdiction over this matter, pursuant to title 28 U.S.C., and plaintiff beseeches this court in order that an impartial forum is available.

Facts

7.  On or about October 14, 2002, plaintiff was visiting the Harvard Law Library at Harvard University, whereupon it was established by inquiry to the librarians, that he was welcome as a guest to use certain resources for his personal research. Plaintiff asked if there were any other requirements at the library, whereupon he was informed that for the resources he intended to use, there were no other requirements. Since that time, plaintiff has visited Harvard several times a week to utilize resources at the library, including, and on January 2, 2003, and while visiting The Harvard Coop, plaintiff was searching for legal paper on which he intended to print legal documents to be submitted to the court. A sales representative informed plaintiff that, "the only local store that sells that paper is the bookstore in Harkens Hall at Harvard Law School."

8.  On January 3, 2003, at approximately 9:45 a.m., defendant officers 1 and 2, and each of them, stopped, detained, threatened and, otherwise began to harass plaintiff while he was walking peaceably and in a law abiding manner through the lobby of, and while en route to the Harvard Law School bookstore in Harkens Hall. The officers, and each of them, questioned his identity and reason for being at Harvard. Plaintiff explained the research he was doing and his understanding that it was okay for him to be there. Defendant officers, and each of them proceeded to keep plaintiff, by force and threats, and against his will at this location, accused him publicly of having committed a crime of trespass and began to question him further regarding his reason for being in Harkens Hall and on Harvard property. Plaintiff, in fear of being wrongfully accused of a crime, at first requested counsel and was denied by officers 1 and 2, who called for backup. Defendant officers 3 and 4 arrived, and each of them continued to detain plaintiff, forcing him to remove his backpack, remain seated, and answer questions by intimidating him for more than an hour. Defendant officer 2 and 3 departed shortly thereafter. Defendant officer 1 asked if he could look in plaintiff's grocery bag. Upon plaintiff's denial, officers 1 and 4, and each of them, forced plaintiff to get on his knees as students passed by, began to search his belongings, remove and examine articles, and publicly accuse and rebuke him, again, of breaking the law by possessing illegal substances. Plaintiff denied the allegation. Defendant officers, and each of them searched his belongings without probable cause, violating his fourth amendment right which states in part, "...the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures..." When officers realized that the items were of no consequence, they threatened plaintiff never to return to the

2

Harvard campus and told him to leave. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties, by acting under color of state law. 42 U.S.C. S 1983 (1988).

9. The unlawful conduct of the defendant police officers, and each of them, deprived the plaintiff of his personal liberty, where he was humiliated and embarrassed in public, and as a result, suffered great pain and anguish of the mind. Further, as a proximate result, of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.

10. The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

## SECOND COUNT
### (Negligent Entrustment)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 - 10, inclusive, of the First Count.
2. Defendant Harvard University negligently hired and entrusted defendant police officers 1 – 4 to protect its property and premises and to investigate possible harm to its property or premises and to perform other related functions.


WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

12.15.03

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS
# BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| ) | CIVIL ACTION |
| ) |  |
| ) |  |
| George Logue, ) | No._____ |
| ) |  |
| Plaintiff ) | **COMPLAINT FOR DAMAGES** |
| Vs. ) | Assault & Battery, Slander |
| ) |  |
| ) |  |
| Harvard University, ) |  |
| ) | UNLIMITED CIVIL CASE |
| Defendant ) |  |
| ) |  |

## SECOND CAUSE
### (Assault & Battery)

Plaintiff alleges:

1.  Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-10, inclusive, of the First Count of the First Cause.
2   Defendant's egregious acts, and each of them, were intentional, unconsented, and harmful to plaintiff, were unreasonable and unnecessary for the purpose of any investigation, and violated the scope of Massachusetts General Laws regarding search and seizure. In doing the acts as alleged above, defendants, and each of them, intended to cause or to place plaintiff in apprehension of a harmful and offensive contact with plaintiff's person.
3.  As a result of defendant's acts as alleged above, plaintiff, in fact, was placed in great apprehension of a harmful and offensive contact with plaintiff's person. At no time did plaintiff consent to any of the acts of defendants alleged in the action above.
4.  As a proximate result of the acts of defendants, and each of them, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.
5.  As a further proximate result of the acts of defendant officers, plaintiff was injured in his health, strength, and activity, suffered humiliation, anxiety, mental anguish, and emotional and physical distress, sustaining shock and injury to his nervous system and person, all of which injuries have caused plaintiff to suffer physical pain and severe mental anguish, all to his damage.
6.  The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive damages.

1

## SECOND COUNT
### ( Slander)

1. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1-10, inclusive, of the First Count of the First Cause.
2. Because of the false, defamatory and public statements made by defendant Harvard Police officers, plaintiff has been unable to feel secure in his relationships with students, faculty and other people of the community with whom he formerly had contact.
3. As a proximate result, of the acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, peers have since ostracized plaintiff, and his overall good reputation in the community is threatened, all to his damage. As a further proximate result of the acts of the defendant officers, plaintiff was injured in his stature, health, strength, and activity, suffered humiliation, and anxiety, and now suffers from post-traumatic stress from the offense, all to his damage.

WHEREFORE, plaintiff prays judgment against the defendants as follows:

1. For general damages according to proof;
2. For punitive damages;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

12-15-03

*George Logue*

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS
### BOSTON, MASSACHUSETTS

|  |  |
|---|---|
| ) | CIVIL ACTION |
| ) | |
| ) | No._____ |
| George Logue, ) | |
| ) | |
| Plaintiff ) | **COMPLAINT FOR DAMAGES** |
| Vs. ) | Intentional Infliction of Emotional |
| ) | Distress |
| ) | |
| Harvard University, ) | |
| ) | UNLIMITED CIVIL CASE |
| Defendant ) | |
| ) | |

### THIRD CAUSE
(Intentional Infliction of Emotional Distress)

Plaintiff alleges:

#### Parties

1. Plaintiff is currently a resident of Middlesex County, Massachusetts and a citizen of the United States.

2. Plaintiff is ignorant of true names of the defendant officers sued herein, inclusive, and therefore sues these defendants by such fictitious names according to their capacity of employment. Plaintiff will amend this complaint to allege their true names when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

3. Defendant officers 1 – 4 are, and at all times herein mentioned were, police officers employed by their codefendant Harvard University (hereafter Harvard), Massachusetts Avenue, Cambridge, Massachusetts, to protect the premises, people, and property therein.

4. Defendant, Harvard being a corporation, and at all times herein mentioned was duly organized and existing under the laws of the Commonwealth of Massachusetts. Harvard has it's principal place of business in Cambridge, Middlesex County, Massachusetts, and is, and at all times herein mentioned, was regularly engaged in providing University instruction and research.

5. Defendant officers 1 – 4 at all times herein mentioned were the agents and employees of their codefendant Harvard, and in doing these things hereinafter alleged were acting under the direction and approval, express or implied, of their employer. Plaintiff is informed and believes, and thereon alleges that the named defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

1

Jurisdiction

6. A notice of this impending claim was presented to the immediate governing body of each department involved, as well as the President of the University. Copies of the notice are annexed as "A." This court has jurisdiction over this matter, pursuant to title 28 U.S.C., and plaintiff beseeches this court in order that an impartial forum is available.

Facts

7. On or about October 14, 2002, plaintiff was visiting the Harvard Law Library at Harvard University, whereupon it was established by inquiry to the librarians, that he was welcome as a guest to use certain resources for his personal research. Plaintiff asked if there were any other requirements at the library, whereupon he was informed that for the resources he intended to use, there were no other requirements. Since that time, plaintiff has visited Harvard several times a week to utilize resources at the library, including, and on January 2, 2003, and while visiting The Harvard Coop, plaintiff was searching for legal paper on which he intended to print legal documents to be submitted to the court. A sales representative informed plaintiff that, "the only local store that sells that paper is the bookstore in Harkens Hall at Harvard Law School."

8. On January 3, 2003, at approximately 9:45 a.m., defendant officers 1 and 2, and each of them, stopped, detained, threatened and, otherwise began to harass plaintiff while he was walking peaceably and in a law abiding manner through the lobby of, and while en route to the Harvard Law School bookstore in Harkens Hall. The officers, and each of them, questioned his identity and reason for being at Harvard. Plaintiff explained the research he was doing and his understanding that it was okay for him to be there. Defendant officers, and each of them proceeded to keep plaintiff, by force and threats, and against his will at this location, accused him publicly of having committed a crime of trespass and began to question him further regarding his reason for being in Harkens Hall and on Harvard property. Plaintiff, in fear of being wrongfully accused of a crime, at first requested counsel and was denied by officers 1 and 2, who called for backup. Defendant officers 3 and 4 arrived, and each of them continued to detain plaintiff, forcing him to remove his backpack, remain seated, and answer questions by intimidating him for more than an hour. Defendant officers 2 and 3 departed shortly thereafter. Defendant officer 1 asked if he could look in plaintiff's grocery bag. Upon plaintiff's denial, officers 1 and 4, and each of them, forced plaintiff to get on his knees as students passed by, began to search his belongings, remove and examine articles, and publicly accuse and rebuke him, again, of breaking the law by possessing illegal substances. Plaintiff denied the allegation. Defendant officers, and each of them searched his belongings without probable cause, violating his fourth amendment right which states in part, "...the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures..." When officers realized that the items were of no consequence, they threatened plaintiff never to return to the Harvard campus and told him to leave. By committing these acts, defendant officers, and each of them, denied plaintiff of his civil liberties, by acting under color of state law. 42 U.S.C. S 1983 (1988).

9. The unlawful conduct of the defendant police officers, and each of them, deprived the plaintiff of his personal liberty, where he was humiliated and embarrassed in public, and as a result, suffered great pain and anguish of the mind. Further, as a proximate result, of the

2

acts of the defendants, plaintiff has suffered great damage to his reputation and embarrassment in his community, all to his damage.

10. Defendant officer's egregious acts were intentional, were unreasonable and unnecessary for the purpose of any investigation, or to enforce any law, as the plaintiff had not ventured beyond those locations to which he had received permission or had been directed to be. Further, defendant's knowledge that the plaintiff was visibly upset as a result of the detention, that plaintiff was very cognizant of where he was allowed to be, that by stopping him in a space that was not a violation, and treating him, as described, in front of other students, and observing that plaintiff was becoming visibly distraught as a result of defendant's actions, ratified that the officers overall conduct was done with knowledge that plaintiff's emotional and physical distress would thereby increase, and was done with a wanton and reckless disregard of the consequences to plaintiff.

11. As a further proximate result of the acts of defendant officers, plaintiff was injured in his health, strength, and activity, suffered humiliation, anxiety, mental anguish, and emotional and physical distress, sustaining shock and injury to his nervous system and person, all of which injuries have caused plaintiff to suffer physical pain and severe mental anguish, including recurrent headaches and nausea, the fear of law enforcement personnel and loss of respect and trust for all police, and inherent and recurrent sustained feelings of agitation, irritability, and anxiety, all to his damage. The acts of defendants, and each of them, as herein alleged were willful, wanton, malicious, and oppressive, and justify the awarding of punitive and exemplary damages.

WHEREFORE, plaintiff prays judgment against defendant as follows:

1. For general damages according to proof;
2. For punitive and exemplary damages, amount demanded $2,000,000;
3. For reasonable attorney's fees;
4. For interest and as allowed by law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the court may deem proper.

11·15·03                    George Logue

VERIFICATION

I, ___George Logue___, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters, which are herein alleged on information and belief, and as to those matters, I believe it to be true. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


___12·15·03___                                    ___George Logue___


4

"A"

George Logue
General Delivery
Boston, MA 02205

January 3, 2003

President Lawrence Summers
Office of the President
Harvard University
Massachusetts Hall
Cambridge, MA 02138

Dear Sir,

I am sending you this message regarding a very embarrassing episode which took place this morning in Harkens hall. I was stopped and harassed by two Harvard Police officers for no apparent reason. I will spare you the details about this morning and allow them to inform you as to what transpired, except to say that when it was all over, I was told to leave campus and to never return. I will just say that I have been visiting Harvard for several months and using the law library with the understanding that it was perfectly okay for me to be there. Yesterday, while in the Coop, I was told that the only place, locally, that I could find the legal paper I need to present to the court, could be purchased in the Harkens bookstore! Hence, my reason for being at that location when the officers began to question me.

Having attended Harvard's Extension school and spent a great deal of pleasurable time studying and, as I say, most recently working on some legal matters, I was shocked and appalled at the treatment I received this morning.

I will speak plainly sir. I wish nothing more than an apology. I am too young and far from being jaded to go forth with another legal action. However, I will not hesitate to do so if this incident does not receive the proper attention it deserves.

Very truly yours,

George Logue

CC: M. Levine
     Harvard Police - North

Exhibit B

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * *  *
                               *
George Logue                   *
                               *
        Plaintiff,             *
                               *
v.                             *        CIVIL ACTION
                               *        NO.: 03-12637-DPW
Harvard University             *
                               *
        Defendant.             *
                               *
* * * * * * * * * * * * * *  *
```

## THE DEFENDANT, HARVARD UNIVERSITY'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

1.    Please identify yourself fully, stating your full name, date of birth, social security number, residential address, business address and occupation.

2.    Please state whether on January 3, 2003, you where either an employee, student, part-time student, professor, visiting professor or had any affiliation with Harvard University, including its Law School, other than using the University's facilities on occasion.

3.    Please describe fully and in complete detail all injuries or injurious effects which you claim to have received as a result of the events alleged in your Complaint.

4.    Please state in itemized form all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in your Complaint.

5.    Please state in complete detail each and every slanderous and/or defamatory statement(s) made by the defendant as alleged in your Complaint.

6.    Please state in complete detail what, if any, damage(s) you sustained as a result of the defendant's alleged slanderous and/or defamatory statements.

7.    Please describe in full and complete detail the intentional conduct of the defendant which you allege resulted in, or caused you emotional distress.

8.    Please describe in full and complete detail each and every injurious effect of your alleged emotional distress.

9. If as a result of the injuries or injurious effects referred to in Interrogatory No. 8, you received medical or any other treatment or examination, please state for each doctor and/or institution treating you:

    a. the name and address of the person or institution;

    b. the dates of each treatment and examination and the nature (type) of treatment and examination on each such occasion; and

    c. an itemized account of all expenses incurred for each and every above-referred-to treatment.

10. Please state which of your federally protected and/or Constitutional rights was violated by the defendant, including in your answer the title and citation and with respect to each such alleged violation, please state fully and in complete detail, how each such alleged violation either caused or contributed to your injury or damages.

11. Please state how the defendant knew or should have known that your federally protected and/or Constitutional rights were being violated.

12. If during the period from five years prior to the date of the events alleged in your Complaint to the present, you have made any claim against any person or corporation for any personal injury sustained or against any Worker's Compensation or other insurance company under any life, health or accident policy for any personal injury, sickness or incapacity, or for Social Security benefits, please state as accurately as possible:

    a. the nature of each such injury, sickness or incapacity and the date upon which each such injury, sickness or incapacity first occurred; and

    b. the name of the person, corporation or insurance company against whom each such claim was made, their file number and the result of each such claim.

13. Please state the full name and last known address, giving street, number, city and state of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happenings of the events alleged in your Complaint, including, but not limited to, eyewitnesses to such events and other persons having knowledge thereof.

14. If you, your agent, servants, employees or anyone acting on your behalf have ever spoken to any alleged witnesses named above in your answer to the previous interrogatory, please state:

    a. the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

## CERTIFICATE OF SERVICE

    I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

        George Logue
        General Delivery
        Boston, MA 02205


_Robert W. Healy_
Robert W. Healy

Date:    3/25/05

April 13, 2005

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA   02109

RE: Logue v. Harvard University Case No. 03-12637 - DPW

Dear Mr. Healy,

Pursuant to Federal Rules of Civil Procedure, Rules 33 and 34, and in response to defendants recent letter and submittal of Defendant's First Set of Interrogatories, plaintiff submits the following responses.

Plaintiff's Response to Defendant's First Set of Interrogatories

1.  My full name isWilliam George, DOB: 01/28/59, Mailing Address: General Delivery, Boston, MA 02205.

2.  On January 3, 2003, as stated in the complaint, having been granted license by Harvard University to be visiting and using certain facilities, that was my affiliation at that time.  It has been years since I was actually enrolled in a class.

3.  Plaintiff defers from providing a comprehensive list of all injuries and injurious effects, other than those presently described in the complaint for obvious reasons where some of the grievances either continue or remain unresolved in some fashion.

4.  Accurate figures are unavailable at this time where the grievances either continue or remain unresolved in some fashion.

5.  The statements, as listed in the complaint, are those that plaintiff recalls at this time.

6.  A comprehensive list of the damages characterized and described in the complaint are unavailable at this time where the grievances, or falsely recorded events either continue or remain unresolved in some fashion.

7.  The actions and conduct of the officers, as described in the complaint, are those which plaintiff recalls at this time.  However, a comprehensive list of the requested information is unavailable at this time where either falsely recorded information exists or an incomplete record continues to cause distress.

8. A comprehensive list of the effects resulting from the distress is unavailable at this time where the grievances, or incomplete, and or falsely recorded events either continue or remain unresolved in some fashion and therefore continue to contribute to the distress.

9. No examination or treatment specific to the effects refereed to in Interrogatory No. 8 has been made.

10. The complaint outlines the events that occurred and in turn, generally, indicates the Constitutional Rights that were violated by the defendants. However, the complaint only gives a cursory description of the rights violated. These should include the Fourth and Fourteenth Amendments, United States Constitution, as well as Articles 11, 12, 13, and 14 of the Massachusetts Declaration of Rights.

11. Law enforcement officials are trained in these matters are they not?

12. Plaintiff objects to defendants request for this information on the basis that they may seek information that is protected by doctrines of confidentiality and where the relevance of any such information is outside the realm of this specific case at this juncture.

13. The information requested herein was provided in plaintiff's initial disclosure that was submitted according to Rules of Civil Procedure.

14. As of these responses, there have been no conversations with witnesses.

15. Expert witnesses have yet to be retained but generally, may include a member of the law library staff, a Harvard store employee, a physician, and an impartial law enforcement official.

16. The information requested herein was provided and is contained in the complaint.

<u>CERTIFICATE OF SERVICE</u>

I, George Logue, plaintiff, hereby certify that on the 14th day of April, 2005 I caused a true copy of this document above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA    02109