UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2005 OCT 12 P 2 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION

| | |
|---|---|
| George Logue | CASE NO 03-12637- DPW |
| Plaintiff | |
| v. | |
| Harvard Police | |
| Defendants | |

Plaintiff's Motion For Production of Documents

Plaintiff submits this Motion For Production of Documents, pursuant to Fed. R. Civ. P. 34 where in the spirit of cooperative discovery, and as outlined in the attached affidavit, he had previously submitted a request on June 7, 2005. This Motion formally requests the defendants, Harvard Police Department to produce and permit plaintiff to inspect the following documents in accordance with Rule 26(b) of Federal Rules of Civil Procedure:

1. Any and all written procedures for the investigation of complaints of use of unreasonable force by Harvard Police officers, duly adopted, promulgated, and in effect on January 3 2003.

2. All records of complaints filed with the Harvard Police Department or the State[1] against the individual defendant's including defendant police officers Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, and while any of them have been employed as officers, and any and all records of investigations conducted on the basis of such complaints.

3. All records of complaints regarding unreasonable use of force, abuse of official position, and abuse of due process of law by any of the aforementioned defendants, and that were delivered to the department or state manager or administrator during the period five years before and up to January 3, 2003.

---

[1] Referring to the Commonwealth of Massachusetts and it's State Police Department wherein it is understood these college police receive a special commission under the state.

4. All records concerning disciplinary action taken against Harvard University police during the past five (5) years for unreasonable use of force, abuse of official position, or abuse of due process of law.

5. All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from civil liability.

6. All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from liability for violations of civil rights.

7. Any and all Field Administrative Reports filed by the individual defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio while employed by the state or Harvard University.

8. Any and all Use of Force When Making an Arrest Forms, filed by any of the individually identified defendants while employed by Harvard University.

9. Any and all Field Administrative Reports filed by Harvard University police officers during the past five years.

10. Any and all Use of Force When Making an Arrest Forms, filed by Harvard University police officers during the past five years.

11. Records of any and all Harvard University police or related state police departments Internal Affairs Division investigations of any of defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, conducted while they employed by the University.

12. Records of any and all Harvard University Police Departments Internal Affairs Division investigations of Harvard University Police officers for unnecessary use of force, abuse of official position, or abuse of due process of law which have been conducted in the past five years.

13. Any and all records of sums of money paid by defendant to individuals in settlement, compromise, or satisfaction of claims against Harvard University police officers for unreasonable use of force, abuse of official position, or abuse of due process which have been paid during the past five years.

14. Any and all Harvard University Police Dispatch Recordings regarding the incident in this instant case and that took place on January 3, 2005.

Respectfully submitted,

July 25, 2005

*George Logue*
*Reprint*

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 25th day of July, 2005 I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*/s/ George Logue*

Mr. Robert Healy
Melick, Porter, & Shea
28 State Street
Boston, MA

FILED
IN CLERKS OFFICE

2005 OCT 12 P 2: 57

U.S. DISTRICT COURT
DISTRICT OF MASS.

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * * * *
                                 *
George Logue                     *
                                 *
        Plaintiff,               *
                                 *
v.                               *   CIVIL ACTION
                                 *   NO.: 03-12637-DPW
                                 *
Harvard University               *
                                 *
        Defendant.               *
                                 *
* * * * * * * * * * * * * * * * *
```

## DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

### Request No. 1

Any and all written procedures for the investigation of complaints of use of unreasonable force by Harvard Police officers, duly adopted, promulgated, and in effect on January 3, 2003.

### Response No. 1

**The defendant objects to Request No. 1 on the grounds that the request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

### Request No. 2

All records of complaints filed with the Harvard Police Department or the State[1] against the individual defendants, including defendant police officers Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, and while any of them have been employed as officers, and any and all records of investigations conducted on the basis of such complaints.

---

[1] Referring to the Commonwealth of Massachusetts and its State Police Department wherein it is understood these college police receive a special commission under the state.

**Response No. 2**

**The defendant objects to Request No. 2 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request. The defendant also objects to this Request on the grounds that it assumes that police officers within their Department receive "a special commission."**

**Request No. 3**

All records of complaints regarding unreasonable use of force, abuse of official position and abuse of due process of law by any of the aforementioned defendants, and that were delivered to the department or state manager or administrator during the period five years before and up to January 3, 2003.

**Response No. 3**

**The defendant objects to Request No. 3 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 4**

All records concerning disciplinary action taken against Harvard University police during the past five (5) years for unreasonable use of force, abuse of official position, or abuse of due process of law.

**Response No. 4**

**The defendant objects to Request No. 4 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

**Request No. 5**

All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from civil liability.

**Response No. 5**

**The defendant objects to Request No. 5 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

### Request No. 6

All documents in defendant's possession (whether executed or unexecuted) purporting to release Harvard University police officers from liability for violations of civil rights.

### Response No. 6

**The defendant objects to Request No. 6 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

### Request No. 7

Any and all Field Administrative Reports filed by the individual defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio while employed by the state or Harvard University.

### Response No. 7

**The defendant objects to Request No. 7 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

### Request No. 8

Any and all Use of Force When Making an Arrest Forms, filed by any of the individually identified defendants while employed by Harvard University.

### Response No. 8

**The defendant objects to Request No. 8 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

### Request No. 9

Any and all Field Administrative Reports filed by Harvard University police officers during the past five years.

### Response No. 9

**The defendant objects to Request No. 9 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence.**

### Request No. 10

Any and all Use of Force When Making an Arrest Forms, filed by Harvard University police officers during the past five years.

### Response No. 10

**The defendant objects to Request No. 10 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, and not calculated to lead to the discovery of relevant or admissible evidence.**

### Request No. 11

Records of any and all Harvard University police or related state police departments Internal Affairs Division investigations of any of defendants Charles Marren, Kevin Healy, Daniel Twomey, and Amy DiVergilio, conducted while they were employed by the University.

### Response No. 11

**The defendant objects to Request No. 11 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seeks privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

### Request No. 12

Records of any and all Harvard University Police Department Internal Affairs Division investigations of Harvard University Police officers for unnecessary use of force, abuse of official position, or abuse of due process of law which have been conducted in the past five years.

### Response No. 12

**The defendant objects to Request No. 12 on the grounds that the Request is overly broad, unduly burdensome, vague, ambiguous, seek privileged information, and not calculated to lead to the discovery of relevant or admissible evidence. Additionally, the defendant objects to this Request on the grounds that Harvard University is the only named defendant in this action, contrary to the assertions made in this Request.**

FILED
IN CLERKS OFFICE

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

2005 OCT 12  P 2: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

* * * * * * * * * * * * * * *
*
George Logue                    *
                                *
    Plaintiff,                  *
                                *
v.                              *       CIVIL ACTION
                                *       NO.: 03-12637-DPW
Harvard University              *
                                *
    Defendant.                  *
                                *
* * * * * * * * * * * * * * *

# THE DEFENDANT, HARVARD UNIVERSITY'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

1. Please identify yourself fully, stating your full name, date of birth, social security number, residential address, business address and occupation.

2. Please state whether on January 3, 2003, you where either an employee, student, part-time student, professor, visiting professor or had any affiliation with Harvard University, including its Law School, other than using the University's facilities on occasion.

3. Please describe fully and in complete detail all injuries or injurious effects which you claim to have received as a result of the events alleged in your Complaint.

4. Please state in itemized form all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in your Complaint.

5. Please state in complete detail each and every slanderous and/or defamatory statement(s) made by the defendant as alleged in your Complaint.

6. Please state in complete detail what, if any, damage(s) you sustained as a result of the defendant's alleged slanderous and/or defamatory statements.

7. Please describe in full and complete detail the intentional conduct of the defendant which you allege resulted in, or caused you emotional distress.

8. Please describe in full and complete detail each and every injurious effect of your alleged emotional distress.

9. If as a result of the injuries or injurious effects referred to in Interrogatory No. 8, you received medical or any other treatment or examination, please state for each doctor and/or institution treating you:

   a. the name and address of the person or institution;

   b. the dates of each treatment and examination and the nature (type) of treatment and examination on each such occasion; and

   c. an itemized account of all expenses incurred for each and every above-referred-to treatment.

10. Please state which of your federally protected and/or Constitutional rights was violated by the defendant, including in your answer the title and citation and with respect to each such alleged violation, please state fully and in complete detail, how each such alleged violation either caused or contributed to your injury or damages.

11. Please state how the defendant knew or should have known that your federally protected and/or Constitutional rights were being violated.

12. If during the period from five years prior to the date of the events alleged in your Complaint to the present, you have made any claim against any person or corporation for any personal injury sustained or against any Worker's Compensation or other insurance company under any life, health or accident policy for any personal injury, sickness or incapacity, or for Social Security benefits, please state as accurately as possible:

    a. the nature of each such injury, sickness or incapacity and the date upon which each such injury, sickness or incapacity first occurred; and

    b. the name of the person, corporation or insurance company against whom each such claim was made, their file number and the result of each such claim.

13. Please state the full name and last known address, giving street, number, city and state of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happenings of the events alleged in your Complaint, including, but not limited to, eyewitnesses to such events and other persons having knowledge thereof.

14. If you, your agent, servants, employees or anyone acting on your behalf have ever spoken to any alleged witnesses named above in your answer to the previous interrogatory, please state:

    a. the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

## CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

George Logue
General Delivery
Boston, MA 02205

*Robert W. Healy*
Robert W. Healy

Date: 3/25/05

FILED
IN CLERKS OFFICE

2005 OCT 12 P 2: 58

April 13, 2005

U.S. DISTRICT COURT
DISTRICT OF MASS.

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA   02109

RE: Logue v. Harvard University Case No. 03-12637 - DPW

Dear Mr. ~~Rooney~~ Healy,

Pursuant to Federal Rules of Civil Procedure, Rules 33 and 34, and in response to defendants recent letter and submittal of Defendant's First Set of Interrogatories, plaintiff submits the following responses.

Plaintiff's Response to Defendant's First Set of Interrogatories

1. My full name is William George, DOB: 01/28/59, Mailing Address: General Delivery, Boston, MA 02205.

2. On January 3, 2003, as stated in the complaint, having been granted license by Harvard University to be visiting and using certain facilities, that was my affiliation at that time. It has been years since I was actually enrolled in a class.

3. Plaintiff defers from providing a comprehensive list of all injuries and injurious effects, other than those presently described in the complaint for obvious reasons where some of the grievances either continue or remain unresolved in some fashion.

4. Accurate figures are unavailable at this time where the grievances either continue or remain unresolved in some fashion.

5. The statements, as listed in the complaint, are those that plaintiff recalls at this time.

6. A comprehensive list of the damages characterized and described in the complaint are unavailable at this time where the grievances, or falsely recorded events either continue or remain unresolved in some fashion.

7. The actions and conduct of the officers, as described in the complaint, are those which plaintiff recalls at this time. However, a comprehensive list of the requested information is unavailable at this time where either falsely recorded information exists or an incomplete record continues to cause distress.

8. A comprehensive list of the effects resulting from the distress is unavailable at this time where the grievances, or incomplete, and or falsely recorded events either continue or remain unresolved in some fashion and therefore continue to contribute to the distress.

9. No examination or treatment specific to the effects refereed to in Interrogatory No. 8 has been made.

10. The complaint outlines the events that occurred and in turn, generally, indicates the Constitutional Rights that were violated by the defendants. However, the complaint only gives a cursory description of the rights violated. These should include the Fourth and Fourteenth Amendments, United States Constitution, as well as Articles 11, 12, 13, and 14 of the Massachusetts Declaration of Rights.

11. Law enforcement officials are trained in these matters are they not?

12. Plaintiff objects to defendants request for this information on the basis that they may seek information that is protected by doctrines of confidentiality and where the relevance of any such information is outside the realm of this specific case at this juncture.

13. The information requested herein was provided in plaintiff's initial disclosure that was submitted according to Rules of Civil Procedure.

14. As of these responses, there have been no conversations with witnesses.

15. Expert witnesses have yet to be retained but generally, may include a member of the law library staff, a Harvard store employee, a physician, and an impartial law enforcement official.

16. The information requested herein was provided and is contained in the complaint.

*[signature: George Joye]*

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 14th day of April, 2005 I caused a true copy of this document above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*/s/ George Logue*

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA  02109

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 12th day of October 2005, I caused a true copy of the documents, above to be served on the defense as listed below, by serving one copy of same, by hand delivery.

*/s/ George Logue*

Mr. Robert Healey
Melick, Porter, & Shea
28 State Street
Boston, MA 02109