UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION

| | |
|---|---|
| George Logue | CASE NO 03-12637- DPW |
| Plaintiff | |
| v. | |
| The President and Fellows of Harvard | |
| Harvard Police Department | |
| Defendants | |

Objection of Plaintiff To The Court's
Rulings at Hearing, October 13, 2005

In accordance with F. R. Civ. P., Rule 12, plaintiff submits this formal *OBJECTION* to this Honorable Court in response to the hearing held October 13, 2005 in the aforementioned case. Plaintiff respectfully *objects* to the following items.

Plaintiff *objects* to the Court's ruling denying his [22] and [23] MOTIONS regarding the taking of depositions, and for the reasons cited in those Motions and supporting documents. First, where outstanding motions, until this hearing, and defendants deficient responses in automatic disclosure did not conform to rules 26(e), 33 or 34, plaintiff did not have full knowledge of all defendants identities who could be deposed. Begging this Honorable Court's pardon, the denying of plaintiff's motions for reasons surrounding the element of time ("the time for depositions has passed"), where plaintiff had been awaiting rulings by this court on motions that had been submitted, in the first place, to facilitate the taking of depositions, does not seem to conform with equitable procedure that should enable fair discovery of information.

For reasons cited in his [22] MOTION To Appoint Person (not custodian) Before Whom Deposition May Be Taken, and the accompanying [23] Plaintiff's MOTION To Take Deposition and Limit Examination, plaintiff has had no means to take depositions pursuant to F. R. Civ. P. rules 27 and 28, for the reasons cited in each of those motions. Further, plaintiff had expressly requested [28] enlargements of time, so that the issues might be resolved and so that depositions would be taken in an equitable fashion. Plaintiff had put forth such a request, not to burden this Honorable Court with his lack of resources, but rather to circumvent them sufficiently so that a reasonable opportunity be afforded to directly question defendants and witnesses, and so that he would not have to rely solely on remote questions that may be propounded in interrogatories.

Implicit in these requests was that interrogatories do not provide a means of immediately and directly addressing less than forthright responses from defendants and witnesses.

Finally, plaintiff objects to the Court's ruling pertaining to his [30] MOTION Plaintiff George Logue's Motion To Compel and His Response To Defendant Harvard University Police Response To Plaintiff's Motion For Production of Documents, regarding his [27] MOTION for Documents.  Here the Court only permitted 3 of 14 requests to be investigated.  Plaintiff respectfully *objects* to the limited inquiry by the court.  Pursuant to F. R. Civ. P., Rule 26, plaintiff is entitled not only to discoverable information, but also to any information that *might lead* to discoverable information.

October 18, 2005                                                              Respectfully submitted,
<u>                          </u>
Date

*/s/ George Logue*

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 18th day of October, 2005 I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*/s/ George Logue*

Mr. Robert Healy
Melick, Porter, & Shea
28 State Street
Boston, MA