DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * * * *
                                 *
GEORGE LOGUE                     *
                                 *
        Plaintiff,               *
                                 *
v.                               *   CIVIL ACTION
                                 *   NO.: 03-12637-DPW
                                 *
HARVARD UNIVERSITY, ET AL.,      *
                                 *
        Defendants.              *
                                 *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO APPEAR FOR DEPOSITION**

Pursuant to Fed. R. Civ. P. 37 (d), the defendants, President and Fellows of Harvard University, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter collectively referred to as "Harvard") move to dismiss the plaintiff's amended complaint. As grounds for this Motion, Harvard states the following:

1. On December 8, 2005, Harvard noticed the plaintiff's deposition for December 22, 2005. (**Exhibit A**, Notice of Taking Deposition of the plaintiff).

2. The deposition was noticed pursuant to this Court's order that permitted limited discovery. (See Order dated November 10, 2005).

3. Prior to noticing the plaintiff's deposition, Harvard attempted to communicate with the plaintiff to ascertain convenient dates for his deposition. (**Exhibit B**, November 30, 2005 Letter of Attorney Robert W. Healy to the plaintiff).

4. The plaintiff has previously received correspondence sent to him at his given address.

5. The plaintiff failed to respond to the November 30, 2005 letter or to the Notice of Taking Deposition. (**Exhibit C**, Affidavit of Attorney Robert W. Healy).

6. On December 23, 2005, a stenographer appeared for the properly noticed deposition. (**Exhibit C**).

7. The plaintiff failed to appear at the deposition and did not contact Harvard's attorneys in an effort to explain his absence. (**Exhibit C**).

8. This is the *second* time the plaintiff has failed to appear for a properly noticed deposition. (**Exhibit D**, Transcript of the plaintiff's deposition).[1]

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37(d) and 37(b)(2)(C),

> d) If a party.... fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [issue various orders, including:]
>
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

When analyzing the pretrial process in this case, the plaintiff has chosen to ignore the rules and the orders of this Court to which he is bound. This is not an isolated occurrence. As noted above, this is the second time the plaintiff has failed to appear for his deposition, despite a

---

[1] Harvard did not move for sanctions for the plaintiff's failure to appear on that date. However, at a hearing before the Court on October 13, 2005, the plaintiff offered no excusable reason for his failure to appear to this Court and the Court warned him of the dangers in doing so.

warning by this Court. Such conduct on the part of a party is not tolerated in this Circuit. See **Guex v. Allmerica Financial Life Ins. and Annuity Co.**, 146 F. 3d 40, 42-43 (1st Cir. 1988)(wherein the plaintiff "demonstrated a troubling lack of respect for the judicial process by failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest that the magistrate judge had shown no interest in hearing his side of the story.")

The plaintiff has consistently prayed this Court's forgiveness in missing deadlines, or claimed ignorance to the rules for which he is bound. However, based upon the number of recent complaints the plaintiff has served in this Court and the prolific filings made in conjunction with those cases, the plaintiff cannot be considered wholly inexperienced such that he does not have to appear for his deposition on more than one occasion. "[T]he most severe .. of sanctions . . . must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." **National Hockey League v. Metropolitan Hockey Club, Inc.**, 427 U.S. 639, 643 (1976). *Accord* **Guex**, *supra* at 43. The plaintiff's actions in this case and his indifference to the judicial process warrant the severe sanction of dismissal.

## CONCLUSION

For the reasons set forth above, Harvard hereby requests that its Motion for Sanctions in the form of a dismissal with prejudice be allowed.

## REQUEST FOR A HEARING

Harvard requests a hearing on its motion.

THE PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY; OFFICERS MARREN, HEALY, DIVIRGILIO AND TWOMEY

By their attorneys,

/s/ Robert W. Healy

John F. Rooney, III

BBO# 426895

Robert W. Healy

BBO# 630714

Melick, Porter & Shea, LLP

28 State Street

Boston, MA  02109-1775

(617) 523-6200


DATED:    December 23, 2005


## CERTIFICATION

Pursuant to Local Rule 7.1, the defendants ability to confer with the plaintiff is limited, if not impossible.  Furthermore, due to the deadlines established by this Court, filing of this motion at the present time is necessary.

/s/ Robert W. Healy

# Exhibit A

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * *
                              *
George Logue                  *
                              *
      Plaintiff,              *
                              *
v.                            *        CIVIL ACTION
                              *        NO.: 03-12637-DPW
                              *
Harvard University            *
                              *
      Defendant.              *
                              *
                              *
                              *
* * * * * * * * * * * * * * *
```

### RE-NOTICE OF TAKING DEPOSITION

TO: All Counsel of Record

Please take notice that, at 10:00 a.m., on December 22, 2005, at the offices of **MELICK, PORTER & SHEA, LLP, 28 State Street, Boston, Massachusetts**, the defendant in this action, by its attorney, will take the deposition upon oral examination of **George Logue, General Delivery, Boston, Massachusetts 02205**, pursuant to the applicable provisions of the Massachusetts Rules of Civil Procedure, before a Notary Public in and for the Commonwealth of Massachusetts, or before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. The deponent is

further required to bring a valid driver's license, passport, or other Federal or State issued photo identification which includes deponent's signature.

You are invited to attend and cross-examine.

                                      Respectfully,

                                      */s/ Robert W. Healy*
                                      Robert W. Healy
                                      BBO#: 630714
                                      MELICK, PORTER & SHEA, LLP
                                      28 State Street
                                      Boston, MA 02109
                                      (617) 523-6200

Dated: December 8, 2005

## CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>George Logue
>General Delivery
>Boston, MA 02205

*Robert W. Healy*
Robert W. Healy

Date: 12/8/05

# Exhibit B

# MELICK, PORTER & SHEA, LLP

Counsellors at Law

28 State Street
Boston, Massachusetts 02109-1775
(617) 523-6200
Fax (617) 523-8130
www.melicklaw.com

Richard J. Shea
Robert P. Powers
John F. Rooney, III *(CT, DC & NH)
William D. Chapman
Michael J. Mazurczak *(NY & WI)
Robert T. Treat
William L. Keville, Jr.
Michael R. Byrne
Andre A. Sansoucy
Amy E. Goganian
Robert W. Healy
Jennifer B. Hardy
Allen J. McCarthy
Angela L. Lackard
Maureen E. Lane *(NH)
Christine C. Heshion
Adam M. Guttin *(RI)
T. Dos Urbanski *(RI)
Megan E. Kures
Matthew Grygorcewicz
Margaret M. Carleen
Kerry D. Florio
Jessica M. Farrelly *(FL)
Debra I. Lerner * (DC & TX)
Joseph M. Alden * (NH & MD)
Alexandra Clark
Jeremy Y. Weltman
Erin J.M. Alarcon *(NH)
J. Paul Vance (CT only)
Erin K. Desmarais *(NH)

Of Counsel
Thomas W. Porter, Jr.
Robert R. Hamel, Jr.
Donna D. Convicer (CT only)

*Also Admitted

369 South Main Street
Providence, Rhode Island 02903
(401) 941-0909
Fax (401) 941-6269

77 Central Avenue
Waterbury, Connecticut 06702
(203) 596-0500
Fax (203) 596-0040

1087 Elm Street, Suite 302
Manchester, NH 03101
(603) 627-4278

65 Main Street
Plymouth, Massachusetts 02360
(508) 746-5976

November 30, 2005

George Logue
General Delivery
Boston, MA 02205

Re: <u>George Logue v. President and Fellows of Harvard University, et al.</u>
Civil Action No. 03-12637-DPW

Dear Mr. Logue:

Please contact me with dates which you are available for your deposition in the above-entitled matter to be conducted at my offices.

Thank you for your attention to this matter.

Very truly yours,

Robert W. Healy

RWH/mrk

# Exhibit C

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
George Logue
    Plaintiff,

v.                                                       CIVIL ACTION
                                                           NO.: 03-12637-DPW

Harvard University
    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### AFFIDAVIT OF ATTORNEY ROBERT W. HEALY

I Robert W. Healy, hereby depose at state as follows:

1. I am attorney with the law firm of Melick, Porter and Shea, LLP.

2. I have been retained by the defendants, in the above entitled action.

3. On December 22, 2005, in response to a proper Notice of Taking Deposition, I had a stenographer present at my offices and the appointed time to conduct the plaintiff's deposition.

4. Prior to noticing the plaintiff's deposition for the above-referenced date, I sent a letter to the plaintiff on November 30, 2005, inquiring about acceptable dates for his deposition.

5. I received no response to my letter or the subsequent Notice of Taking Deposition.

4. The plaintiff failed to appear at his deposition.

5. The plaintiff also failed to contact me and provide an excusable reason for his non-appearance.

6. This is the second time this has occurred. On August 24, 2005, the plaintiff again failed to appear for a properly noticed deposition and provide no excusable reason for his non-

appearance.

   SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS <u> 23th </u>

DAY OF DECEMBER 2005.

       <u> /s/ Robert W. Healy  </u>
         Robert W. Healy

# Exhibit D

                                          Pages:    1-5


            COMMONWEALTH OF MASSACHUSETTS

            UNITED STATES DISTRICT COURT



* * * * * * * * * * * * *  *
                            *
**GEORGE LOGUE,**           *
                            *
       **Plaintiff**        *
                            *
       v.                   *  Civil Action
**HARVARD UNIVERSITY,**     *
                            *
       **Defendant**        *  **No. 03-12367-DPW**
                            *
* * * * * * * * * * * * *  *


       DEPOSITION of **GEORGE LOGUE**, was to have taken place at the offices of Melick, Porter & Shea, LLP, 28 State Street, Boston, Massachusetts, 02109, on Wednesday, August 24, 2005 at 10:00 a.m.

2

## A P P E A R A N C E S

**ROBERT W. HEALY, III, ESQ.**
Melick, Porter & Shea, LLP
28 State Street
Boston, Massachusetts 02109
(617) 523-6200
    Counsel for the Defendant

**P R O C E E D I N G S**

**BY MR. HEALY:**

    The time now if 10:15, we're on the record regarding the case of George Logue versus Harvard University.

    I had previously noticed Mr. Logue's deposition several months ago. Mr. Logue asked that it be rescheduled. I accommodated that request.

    Since that time Mr. Logue has filed some motions regarding the taking of depositions with the Court. It's the Defendant's position that those were unnecessary. Mr. Logue could have taken the necessary steps to notice deposition. He has not.

    We noticed Mr. Logue's deposition for today. I have not heard from Mr. Logue by way of telephone. He has not appeared this morning. Just yesterday, John Rooney, from my office, received a letter from Mr. Logue indicating that it was his position that no depositions were to be conducted until the Court had ruled on a means by which fair and equitable discovery regarding depositions may occur.

4

I will mark this letter as Exhibit 1.

**(Whereby Exhibit No. 1, Letter from Mr. Logue, was marked for identification.)**

With that it is the Defendant's position that Mr. Logue's deposition is now completed.

5

CERTIFICATE

I, Judith Kent, do hereby certify that the foregoing record, Pages 1 through 5, is a complete, accurate, and true transcription of my stenomask tapes taken in the aforementioned matter to the best of my skill and ability.

*Judith Kent* 8/26/05
JUDITH KENT

THE FOREGOING CERTIFICATION OF THIS TRANSCRIPT DOES NOT APPLY TO ANY REPRODUCTION OF THE SAME BY ANY MEANS UNLESS UNDER THE DIRECT CONTROL AND/OR DIRECTION OF THE CERTIFYING REPORTER.

CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

George Logue
General Delivery
Boston, MA 02205


/s/ Robert W. Healy
Robert W. Healy

Date:   December 23, 2005