UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

George Logue                           ]        Case No: 03-12637-DPW
                                       ]
          Plaintiff                    ]
                                       ]
v.                                     ]
                                       ]
The President and Fellows of           ]
Harvard University, et al.             ]
                                       ]
          Defendant                    ]
_____]

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Federal Rules of Civil Procedure, Rule 12 and 37, plaintiff submits this Memorandum to support his Opposition to defendants The President and Fellows of Harvard University and The Harvard University Police Department, Marren, Healy, DiVergilio, and Twomey (collectively, the "defendants") motion seeking dismissal and sanctions. In accordance with rule 12, in defense of the accusations made in defendant's motion, and objecting to any insinuation of wrongdoing, plaintiff has provided the letter attached to his Opposition that shows, besides notifying defendant by telephone that he would be unable to attend the noticed deposition, he had provided a written response and reiterated those outstanding issues discussed at the last hearing. Further, plaintiff's reasonable attempts to contact defense counsel and discuss the taking of depositions illustrates his own earnest attempt to conduct all of the depositions in a fair and equitable manner. Defense counsel's notice was responded to with ample time and does not refuse being deposed. Plaintiff simply objected to the timing while concerned about the noted

1

outstanding issue of an equitable means of conducting depositions, and where plaintiff had a pending motion to conduct his own depositions. Although notice had been made proposing a time to take the depositions, there had been no agreement, and there was no Order by the court. Seeking sanctions for expenses or for dismissal are unfounded.

According to Rule 37, a cardinal tenet of discovery under the Rules is that except in rare cases, parties are expected to work out problems between themselves. Plaintiff has made such attempts, responded to defense counsel, and even persevered by attempting to contact him to discuss potential times when depositions could be conducted; yet always to only reach defense counsel's secretary or voice mail. Plaintiff's letter (attached to motion) even went so far as to notify defense counsel in writing, citing concerns surrounding the taking and use of depositions, and where plaintiff had presented his own motion, asking the court's assistance in finding a reasonable time and place for both parties to conduct the taking of depositions

No one more than this plaintiff, would like to conduct these depositions. However, the rules clearly indicate several concerns of which this plaintiff should be leery where defense counsel, despite having full knowledge of these concerns, and as discussed at the last hearing, has continued to pressure plaintiff into giving a deposition under adverse conditions. Worth repeating here are plaintiff's concerns surrounding the taking of depositions under such circumstances.

1. Rule 30(d)(4) outlines the manner in which the court, as overseer in such proceedings, could halt a deposition in the event that the questioning got out of hand. It is unclear how the court would be able to do this where defense counsel's notice suggests conducting the depositions in his own private offices where no court personnel will be present, and plaintiff represents himself.

2

2. Rule 32(d) outlines how errors and irregularities in depositions are waved only if a "written objection is [not] promptly served upon the party giving the notice." - Fed. R.Civ. P. 32(d)(1) Similarly, and concerning the officers before whom the depositions are to be taken, in the private offices of defense counsel, these concerns, as outlined in 32(d)(2) were discussed previously, and were reason for plaintiff's letter (attached to motion).

3. Rule 37(d) and Rule 26(c) outlines plaintiff's concern where he had submitted his own motion that had been pending at the time of the noticed and proposed depositions. Though plaintiff's motion was not a formal request for a protective order, it clearly reiterated the previously discussed concerns and asked the court's assistance in finding an equitable means of obtaining depositions.

WHEREFORE, and as requested in plaintiff's motion, he requests that defendant's motion be denied.

Respectfully submitted,

January 12, 2006
Date

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 12th day of January 2006, I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*/s/ George Logue*

Mr. Robert Healy
Melick, Porter, & Shea
28 State Street
Boston, MA 02109