DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

| | |
|---|---|
| * * * * * * * * * * * * * * * * * <br> GEORGE LOGUE <br><br> Plaintiff, <br><br> v. <br><br> HARVARD UNIVERSITY, ET AL., <br><br> Defendants. <br> * * * * * * * * * * * * * * * * * | CIVIL ACTION <br> NO.: 03-12637-DPW |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AND RENEWED MOTION TO DISMISS**

The defendants, The President and Fellows of Harvard College, Officers Marren, Healy, DiVergilio and Twomey (hereafter "Harvard") hereby oppose the plaintiff's motion for sanctions and renews its motion to dismiss the plaintiff's amended complaint. As grounds for this Motion, Harvard states the following:

1. Following the time period prescribed by this Court for the plaintiff to complete discovery, Harvard was served with the plaintiff's second set of interrogatories. (***Exhibit A***, Plaintiff's Interrogatories (2) To Defendants).

2. These interrogatories were directed to the defendant Charles Marren. ***Id***.

3. Despite Harvard's contention that they were not required to answer these interrogatories, they did so at the suggestion of Judge Woodlock at a hearing on Harvard's motion to dismiss on January 12, 2006.

4. Harvard and Charles Marren in the interest of full disclosure, answered the plaintiff's interrogatories as fully and completely as possible in spite of the confusing and ambiguous nature of those interrogatories.

5. More specifically, Interrogatory Number Three asks Charles Marren to identify "the plain clothes man, and or person" who oversaw the alleged incident that is the subject of this case. *Id*.

6. Despite the gross speculative nature of this interrogatory, Harvard and Charles Marren answered the interrogatory to the best of their abilities, when arguably they could have merely objected to it on those grounds. (***Exhibit B***, Harvard's Answer to Interrogatory Number Three).

7. The plaintiff fails to elaborate how Harvard's Answer to Interrogatory Number Three, or any of their other answers is evasive.

8. The plaintiff has now filed this motion for sanctions despite not complying with Local Rule 7.1 and Fed. R. Civ. P. 37(a)(2) in failing to confer with Harvard's counsel to narrow the scope of the dispute.

9. The plaintiff's motion is yet another example of the duplicative, wasteful and frivolous nature of the plaintiff's pleadings in this action, and the many others he has filed in this jurisdiction. "The fact that the plaintiff appears pro se is not a license to abuse the process of the Court." ***See Kane v. New York***, 468 F. Supp. 586, 592 (S.D.N.Y. 1979); ***Cabana v. Cruz***, 588 F. Supp. 80 (D. Mass. 1984).

WHEREFORE, Harvard respectfully requests that the plaintiff's motion be denied. And, based upon the frivolous nature of the plaintiff's most recent motion, once again, Harvard calls for the plaintiffs' amended complaint to be dismissed pursuant to its motion to dismiss dated December 23, 2005.

THE PRESIDENT AND FELLOWS OF
HARVARD UNIVERSITY; OFFICERS
MARREN, HEALY, DIVIRGILIO AND
TWOMEY

By their attorneys,


/s/ Robert W. Healy
John F. Rooney, III
BBO# 426895
Robert W. Healy
BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

DATED:      February 2, 2006

# Exhibit A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
|  | CIVIL ACTION |
| George Logue | CASE NO <u>03-12637</u>- DPW |
| Plaintiff |  |
| v. |  |
| The President and Fellows of Harvard Harvard University Police Department, et al. |  |
| Defendants |  |

## PLAINTIFF'S INTERROGATORIES (2) TO DEFENDANTS

Plaintiff, George Logue hereby propounds upon defendants the following Second Set of Interrogatories. Defendant is instructed to serve their respective and timely answers upon plaintiff within the time specified by the Federal Rules of Civil Procedure, Rule 33(b)(3).

<u>Defendant Officer Marren</u>

1. Please state your full name, Date of Birth, and position.

2. Please state your affiliation with the named defendants regarding the incident in this case.

3. Please, identify the plain clothes man, and or person, who accompanied and oversaw you, and oversaw the incident in the related case. This question refers specifically to the incident of January 3, 2003 in Harkness Hall at Harvard Law School, and approximately at that time when the encounter including yourself and the said plain clothes man was concluding in the breezeway near the exit.

4. Please state whether this person was your supervisor.

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 9th day of December 2005, I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*George Logue*

Mr. Robert Healy
Melick, Porter, & Shea
28 State Street
Boston, MA 02 109

# Exhibit B

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * *
                                  *
George Logue,                     *
                                  *
        Plaintiff,                *
                                  *
v.                                *   CIVIL ACTION
                                  *   NO.: 03-12637-DPW
                                  *
The President and Fellows of Harvard, *
Harvard University Police Department, *
et al.,                           *
                                  *
        Defendants.               *
                                  *
* * * * * * * * * * * * * * * * *
```

## DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

Defendant Officer Marren

Interrogatory No. 1

Please state your full name, Date of Birth, and position.

Answer No. 1

The defendant objects to this Interrogatory to the extent that it seeks information beyond the time period prescribed by the Court for discovery. Without waiving this objection, the defendant states the following. Charles Marren; DOB: 5/30/58; Police Officer, Harvard University.

Interrogatory No. 2

Please state your affiliation with the named defendants regarding the incident in this case.

Answer No. 2

The defendant objects to this Interrogatory to the extent that it seeks information beyond the time period prescribed by the Court for discovery. Without waiving this objection, the defendant states the following. I am an employee of the defendant, The President and Fellows of Harvard

College. The other defendants are fellow officers within my department.

Interrogatory No. 3

Please identify the plain clothes man, and or person, who accompanied and oversaw you, and oversaw the incident in the related case. The question refers specifically to the incident of January 3, 2003 in Harkness Hall at Harvard Law School, and approximately at that time when the encounter including yourself and the said plain clothes man was concluding in the breezeway near the exit.

Answer No. 3

The defendant objects to this Interrogatory to the extent that it seeks information beyond the time period prescribed for discovery. The defendant further objects to the extent that it it is vague, confusing and overbroad. Without waiving this objection, the defendant states the following. No one oversaw me, oversaw the incident, or my interaction with the plaintiff. At times, other Harvard University Police Officers responded to the scene and subsequently cleared the scene. I cannot state, nor identify, who the plaintiff is referring to as the "plain clothes man and or person." However, Officer Twomey was not in a standard Harvard University Police Department uniform on that date.

Interrogatory No. 4

Please state whether this person was your supervisor.

Answer No. 4

See Answer Number Three. Officer Twomey was not my supervisor.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY, THIS /7TH DAY OF JANUARY 2006.

_____
Charles Marren

Objections by,

_____
John F. Rooney, III, BBO# 426895
Robert W. Healy, BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

DATED: 1/18/06

## CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

> George Logue
> General Delivery
> Boston, MA 02205

*Robert W. Healy* /ink/
Robert W. Healy

Date: 1/18/06

CERTIFICATE OF SERVICE

    I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

        George Logue
        General Delivery
        Boston, MA 02205


        /s/ Robert W. Healy
        Robert W. Healy

Date: February 2, 2006