DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                   \*

GEORGE LOGUE                         \*

      Plaintiff,                  \*

v.                               \*   CIVIL ACTION
                                 \*   NO.: 03-12637-DPW

HARVARD UNIVERSITY, ET AL.,      \*

      Defendants.              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND
PRODUCTION OF MEDICAL RECORDS**

Pursuant to Fed. R. Civ. P. 37 (a), the defendants, President and Fellows of Harvard

College, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter

collectively referred to as "Harvard") move to compel the plaintiff to identify the medical

provider(s) for which he has sought medical/psychological treatment. Harvard moves to compel

the plaintiff to execute an authorization to obtain any medical records associated with that

treatment and finally to compel limited deposition testimony regarding his treatment as it relates

to this action.

As grounds for this Motion, Harvard states the following:

1.     On March 23, 2005, Harvard served upon the plaintiff their first set of

        interrogatories. (**Exhibit A**, Harvard's First Set of Interrogatories to the Plaintiff)

2.     Interrogatories Number Eight and Nine inquired about any alleged emotional

distress the plaintiff sustained as a result of the allegations in his complaint, as well as the medical providers he sought treatment with for those conditions .

3.　　In response, the plaintiff asserted that he had not sought treatment specific to the distress he was alleging. **(Exhibit B**, Plaintiff's Answers to Harvard's Interrogatories).

4.　　Harvard's attorneys deposed the plaintiff on July 13, 2006, at their offices.

5.　　In response to questioning about his alleged emotional distress, the plaintiff testified he sought medical treatment with a provider in Boston. However, the plaintiff refused to provide the name of that provider, or to answer questions relating to the treatment he had received and continues to receive. **(Exhibit C**, Deposition Transcript of George Logue, pp. 74-80).

6.　　Despite his assertions to the contrary in his answers to interrogatories, the plaintiff has introduced his mental and emotional condition as an element of his claims against Harvard.

7.　　The plaintiff is alleging he suffered and continues to suffer from anxiety as a result of the events alleged in his complaint. **(Id.** at pg 77-78).

8.　　The plaintiff also has a history of psychological treatment prior to the date of the incident that is the subject of this complaint. **Id.**

8.　　To the extent the plaintiff intends to affirmatively allege as part of his damages this anxiety and any treatment attendant thereto, Harvard is entitled to those treatment records following this incident , as well as those records for treatment that pre-existed this accident. *See Sorenson v. H & R Block, Inc., et al*, 197 F.R.D. 199 (D.Mass., 2000); *Booker v. City of Boston*; 1999 WL 734644

(D.Mass., 1999); *Vanderbilt v. Town of Chilmark, et al.,* 174 F.R.D. 225,

(D.Mass., 1997).[1]

## CONCLUSION

For the reasons set forth above, Harvard hereby requests that its Motion to Compel be

allowed.

## REQUEST FOR A HEARING

Harvard requests a hearing on its motion.


THE PRESIDENT AND FELLOWS OF
HARVARD UNIVERSITY; OFFICERS
MARREN, HEALY, DIVIRGILIO AND
TWOMEY

By their attorneys,


/s/ Robert W. Healy
John F. Rooney, III
BBO# 426895
Robert W. Healy
BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA  02109-1775
(617) 523-6200


DATED:      August 11, 2006

---

1.      Harvard is clearly entitled to information such as the dates of treatment, the existence of any prior psychological treatment, and the dates of such pre-existing treatment. *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 230 (D. Mass. 1997).