CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>George Logue
>General Delivery
>Boston, MA 02205

>/s/ Robert W. Healy
>Robert W. Healy

Date: August 11, 2006

# Exhibit A

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * *
                          *
George Logue             *
                          *
        Plaintiff,       *
                          *
v.                       *      CIVIL ACTION
                          *      NO.: 03-12637-DPW
Harvard University       *
                          *
        Defendant.       *
                          *
* * * * * * * * * * * * * *
```

## THE DEFENDANT, HARVARD UNIVERSITY'S FIRST SET OF INTERROGATORIES TO THE PLAINTIFF

1. Please identify yourself fully, stating your full name, date of birth, social security number, residential address, business address and occupation.

2. Please state whether on January 3, 2003, you where either an employee, student, part-time student, professor, visiting professor or had any affiliation with Harvard University, including its Law School, other than using the University's facilities on occasion.

3. Please describe fully and in complete detail all injuries or injurious effects which you claim to have received as a result of the events alleged in your Complaint.

4. Please state in itemized form all expenses or damages suffered by you or incurred by anyone on your behalf as a result of the events alleged in your Complaint.

5. Please state in complete detail each and every slanderous and/or defamatory statement(s) made by the defendant as alleged in your Complaint.

6. Please state in complete detail what, if any, damage(s) you sustained as a result of the defendant's alleged slanderous and/or defamatory statements.

7. Please describe in full and complete detail the intentional conduct of the defendant which you allege resulted in, or caused you emotional distress.

8. Please describe in full and complete detail each and every injurious effect of your alleged emotional distress.

9. If as a result of the injuries or injurious effects referred to in Interrogatory No. 8, you received medical or any other treatment or examination, please state for each doctor and/or institution treating you:

   a. the name and address of the person or institution;

   b. the dates of each treatment and examination and the nature (type) of treatment and examination on each such occasion; and

   c. an itemized account of all expenses incurred for each and every above-referred-to treatment.

10. Please state which of your federally protected and/or Constitutional rights was violated by the defendant, including in your answer the title and citation and with respect to each such alleged violation, please state fully and in complete detail, how each such alleged violation either caused or contributed to your injury or damages.

11. Please state how the defendant knew or should have known that your federally protected and/or Constitutional rights were being violated.

12. If during the period from five years prior to the date of the events alleged in your Complaint to the present, you have made any claim against any person or corporation for any personal injury sustained or against any Worker's Compensation or other insurance company under any life, health or accident policy for any personal injury, sickness or incapacity, or for Social Security benefits, please state as accurately as possible:

   a. the nature of each such injury, sickness or incapacity and the date upon which each such injury, sickness or incapacity first occurred; and

   b. the name of the person, corporation or insurance company against whom each such claim was made, their file number and the result of each such claim.

13. Please state the full name and last known address, giving street, number, city and state of every witness known to you or to your attorneys who has any knowledge regarding the facts and circumstances surrounding the happenings of the events alleged in your Complaint, including, but not limited to, eyewitnesses to such events and other persons having knowledge thereof.

14. If you, your agent, servants, employees or anyone acting on your behalf have ever spoken to any alleged witnesses named above in your answer to the previous interrogatory, please state:

   a. the names and addresses of all persons participating in the making of each such conversation or statement, including the names and addresses of all other persons present at the time that each such conversation or statement was made;

    b.    the date, time and place that each such conversation or statement was made; and

    c.    the substance of each such conversation or statement and a full description of any documentation of each such conversation or statement, including each and every recording, photograph, drawing and signed or unsigned document which reflects, represents of pertains to same.

15.    For each expert witness whom the plaintiff expects to call at the trial of this action, and whom the plaintiff has retained or specially employed in anticipation of litigation or in preparation for trial who is not expected to be called as a witness at the trial of this action, please state:

    a.    the name, business address, residential address, educational and employment history;

    b.    the subject matter on which each such expert witness is expected to testify or was retained or employed to consider;

    c.    the substance of the facts and opinions to which each such expert is expected to testify or was retained or employed to consider; and

    d.    a detailed summary of all of the grounds for each such opinion together with the substance of all facts upon which such opinions are based.

16.    Please describe fully and in complete detail how the events alleged in you Complaint occurred, stating what you saw, what you heard, what you did and what happened to you in the order in which each such event took place, including the date, time and place of the events alleged in your Complaint.

HARVARD UNIVERSITY
By their attorneys

John F. Rooney, III, BBO# 426895
Robert W. Healy, BBO# 630714
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

Dated: 3/26/05

CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

George Logue
General Delivery
Boston, MA 02205

*Robert W. Healy* /MK
Robert W. Healy

Date: 3/25/05

# Exhibit B

April 13, 2005

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA   02109

RE: Logue v. Harvard University Case No. 03-12637 - DPW

Dear Mr. Healy,

Pursuant to Federal Rules of Civil Procedure, Rules 33 and 34, and in response to defendants recent letter and submittal of Defendant's First Set of Interrogatories, plaintiff submits the following responses.

Plaintiff's Response to Defendant's First Set of Interrogatories

1. My full name isWilliam George, DOB: 01/28/59, Mailing Address: General Delivery, Boston, MA 02205.

2. On January 3, 2003, as stated in the complaint, having been granted license by Harvard University to be visiting and using certain facilities, that was my affiliation at that time. It has been years since I was actually enrolled in a class.

3. Plaintiff defers from providing a comprehensive list of all injuries and injurious effects, other than those presently described in the complaint for obvious reasons where some of the grievances either continue or remain unresolved in some fashion.

4. Accurate figures are unavailable at this time where the grievances either continue or remain unresolved in some fashion.

5. The statements, as listed in the complaint, are those that plaintiff recalls at this time.

6. A comprehensive list of the damages characterized and described in the complaint are unavailable at this time where the grievances, or falsely recorded events either continue or remain unresolved in some fashion.

7. The actions and conduct of the officers, as described in the complaint, are those which plaintiff recalls at this time. However, a comprehensive list of the requested information is unavailable at this time where either falsely recorded information exists or an incomplete record continues to cause distress.

8. A comprehensive list of the effects resulting from the distress is unavailable at this time where the grievances, or incomplete, and or falsely recorded events either continue or remain unresolved in some fashion and therefore continue to contribute to the distress.

9. No examination or treatment specific to the effects refereed to in Interrogatory No. 8 has been made.

10. The complaint outlines the events that occurred and in turn, generally, indicates the Constitutional Rights that were violated by the defendants. However, the complaint only gives a cursory description of the rights violated. These should include the Fourth and Fourteenth Amendments, United States Constitution, as well as Articles 11, 12, 13, and 14 of the Massachusetts Declaration of Rights.

11. Law enforcement officials are trained in these matters are they not?

12. Plaintiff objects to defendants request for this information on the basis that they may seek information that is protected by doctrines of confidentiality and where the relevance of any such information is outside the realm of this specific case at this juncture.

13. The information requested herein was provided in plaintiff's initial disclosure that was submitted according to Rules of Civil Procedure.

14. As of these responses, there have been no conversations with witnesses.

15. Expert witnesses have yet to be retained but generally, may include a member of the law library staff, a Harvard store employee, a physician, and an impartial law enforcement official.

16. The information requested herein was provided and is contained in the complaint.

/s/ George Logue

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that on the 14th day of April, 2005 I caused a true copy of this document above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

*George Logue*

Mr. Robert W. Healy
Melick, Porter, & Shea
28 State Street
Boston, MA    02109

Case 1:03-cv-12637-DPW    Document 58    Filed 08/1/2006    Page 10 of 14

# Exhibit C

```
                                                    Page 1
        Volume:          I
        Pages:           1-95
        Exhibits:        None

        UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF MASSACHUSETTS
* * * * * * * * * * * *
                        *
GEORGE LOGUE,           *
                        *
        Plaintiff       *
                        *   Civil Action
        vs              *
                        *   No. 03-12637-DPW
HARVARD UNIVERSITY,     *
                        *
        Defendant       *
                        *
* * * * * * * * * * * *

        DEPOSITION of GEORGE LOGUE, a witness
called on behalf of the Defendant, taken pursuant to
the Federal Rules of Civil Procedure before Nancy
Cameron May, a Professional Court Reporter and Notary
Public in and for the Commonwealth of Massachusetts,
at the offices of Melick, Porter & Shea, LLP,
28 State Street, Boston, Massachusetts, 02109, on
Thursday, July 13, 2006, commencing at 10:00 a.m.
```

```
                                                    Page 2
              APPEARANCES

ROBERT W. HEALY, III, ESQ.
Melick, Porter & Shea, LLP
28 State Street
Boston, Massachusetts 02109
(617) 523-6200
        Counsel for the Defendant


GEORGE LOGUE, Pro Se
```

```
                                                    Page 3
 1                    I N D E X
 2
 3  WITNESS         DIRECT  CROSS  REDIRECT  RECROSS
 4  GEORGE LOGUE
 5  (By Mr. Healy)    4
 6
 7
 8                    E X H I B I T S
 9
10  NO.   DESCRIPTION                           PAGE
11                    - None -
```

```
                                                    Page 4
 1              STIPULATIONS
 2        It is hereby stipulated and agreed by
 3  and between counsel for the respective parties
 4  that the deponent shall have thirty (30) days in
 5  which to read and sign the transcript, under the
 6  pains and penalties of perjury, after which time
 7  it shall be deemed to have been signed, and that
 8  the certification, filing and sealing of the
 9  deposition transcript are waived.
10
11        GEORGE LOGUE, first having been
12  satisfactorily identified and duly sworn, on
13  oath, deposes and says as follows:
14
15            DIRECT EXAMINATION
16
17  BY MR. HEALY:
18  Q  Good morning, Mr. Logue. As you know, my name is
19     Bob Healy and I represent the defendants in this
20     matter. Off the record I believe that you and I
21     have agreed that we discussed a couple of
22     preliminary issues involving this deposition and
23     we've come to some agreements; would you agree
24     with me? In terms of reading and signing and
```

Page 73

1  to this incident on January 3rd of 2003?
2  A  I just think the whole incident was extreme. It
3     went beyond what they needed to do and in doing
4     so, they violated my rights.
5  Q  I'm not talking about the officers. I'm talking
6     about -- you've also brought a Complaint against
7     the officers individually, as well as the
8     University?
9  A  Right.
10 Q  So what is it you feel that the President and
11    Fellows of Harvard College did or failed to do as
12    it relates to the incident on January 3rd, 2003?
13 A  They failed to -- well, off the top, I mailed a
14    letter to the President.
15 Q  The President of the University?
16 A  Right, and that was included as an attachment in
17    the Complaint. So off the top, to answer your
18    question, I had hoped for some type of
19    acknowledgment as to, you know, I was really
20    upset and so I asked what happened. "Something
21    wrong just happened here and either through a
22    lapse of policy or what, the University owes
23    me" -- I think I phrase it "an apology, anyways."
24       So to answer your question as to what

Page 74

1  the University did, again, I don't know if it's a
2  policy thing or -- but they failed to oversee
3  their agents in protecting an individual's
4  rights. My rights. That's it in a nutshell,
5  without getting into the consequences of
6  potential friends and peers walking by and any
7  other of the negative, adverse impacts that
8  indirectly -- I don't know how I phrased that as
9  to what the University did.
10 Q  All right. Are you aware of any specific policy
11    or protocol or custom that the President and
12    Fellows of Harvard University implemented or
13    failed to implement that relates to the incident
14    on January 3rd, 2003?
15 A  That they as the University, no, I can't say
16    that. I attended the Extension there for a
17    number of years and Harvard's Harvard, you know?
18    I always had good times there until this freak --
19    freak incident? I don't know, paranoia; I don't
20    know what it is. It's six months after -- I
21    can't even remember -- 9/11. 2001 or 2002?
22 Q  Anyway, let me continue. Have you sought any
23    medical treatment for the anxiety that you
24    encountered that day?

Page 75

1  A  Yes.
2  Q  With whom?
3  A  Okay, now we get into another area. Why do you
4     need this information now?
5  Q  Well, it was previously asked for and obviously
6     hasn't been provided to me. I believe in my
7     discovery request to you, I asked if you sought
8     any medical treatment.
9  A  Yes, I can't recall or not. But again, it's an
10    ongoing issue as to this -- I'm really close to
11    the vest with this stuff.
12 Q  Well, Mr. Logue, with all due respect, you're
13    putting your condition, or the condition that you
14    are alleging resulted from this incident, into
15    question. So it's my position, and I think Judge
16    Woodlock would agree, that if you're alleging
17    that you encountered any medical condition as a
18    result of this incident and you have sought or
19    are seeking medical treatment, that it is
20    relevant.
21 A  Yes, it's relevant, but -- I just don't want to
22    get into patient/doctor privileges here unless
23    you force me to.
24 Q  Well, I can certainly -- can you answer this

Page 76

1  question. Have you sought medical treatment as a
2  result of anything that you attribute, medical
3  condition that you attribute to the incident that
4  occurred on January 3rd of 2003?
5  A  Yes. As far as this goes, I'll grant this
6     answer: yes.
7  Q  With whom?
8  A  They're a provider in Boston currently.
9  Q  Is that the only provider that you've sought
10    medical treatment for as a result of the incident
11    of January 3rd of 2003?
12 A  Yes.
13 Q  What is this provider's name?
14 A  I'm balking because I don't want to make this
15    effort that I'm trying to -- I'm sure as you can
16    understand -- more cumbersome than it needs to
17    be. In other words, get myself into a more
18    embarrassing situation. I suffered something and
19    in trying to correct it, don't want to put myself
20    in a further embarrassing situation by revealing
21    medical information that, again, I don't know
22    where this stuff goes, but -- and I've done some
23    reading. I don't know if I'm lodging a formal
24    objection here or not, but I mean, I don't want

Page 77

1 to waive my right in making -- I mean, I didn't
2 waive my right of giving up my privacy privileges
3 by making a claim of emotional distress, right,
4 and in seeking this treatment.
5 Q You know, that's a dispute we can have with the
6 Court. However, if you are making an allegation
7 that you have suffered medical injury that you
8 have sought treatment for as a result of this
9 incident, I am certainly going to need to inquire
10 about it, I will certainly seek any
11 documentation. We can suspend this deposition,
12 if you desire.
13 A No, I'm just curious as to -- I'd just as soon
14 not. I'd just as soon --
15 Q Well, are you alleging any injury or damages as a
16 result of the incident that occurred on
17 January 3rd of 2003 that you've just been
18 testifying about?
19 A Yes.
20 Q What injuries are you alleging you sustained?
21 A The emotional distress injuries, anxiety
22 associated with what happened that day.
23 Q And you sought medical treatment for that
24 anxiety?

Page 78

1 A Yes.
2 Q And you continue to seek medical treatment for
3 that anxiety?
4 A I continue to speak with somebody about . . . .
5 Q Is it fair to say issues relating to that
6 incident as well as others?
7 A Well, I don't know if you're familiar with
8 psychotherapy, but when -- any time you're
9 speaking, you're speaking about anything that's
10 troubling and --
11 Q Let me ask you, were you seeing or obtaining
12 psychotherapy before the incident on January 3rd,
13 2003?
14 A Not from this provider.
15 Q But from a separate provider?
16 A That's a separate issue that I don't want to get
17 into at all.
18 Q All right. Unfortunately, I am going to have to
19 seek out this information. If you are -- again,
20 you have now told me or testified to the fact
21 that as a result of this incident, you're
22 alleging emotional distress and anxiety; correct?
23 A Yes.
24 Q And I believe you testified you're still

Page 79

1 encountering those symptoms; is that correct?
2 A Yes.
3 Q And you have sought out medical treatment for
4 those conditions; correct?
5 A Conditions? I'm sorry, what was the first --
6 Q Symptoms.
7 A Symptoms and/or, as we've discussed with this
8 provider, an explanation as to why and what
9 happened. The whys and hows and . . . .
10 Q And you also see this provider to discuss issues
11 non-related to this incident; is that fair to
12 say?
13 A It's funny, because --
14 Q Mr. Logue, I don't want to delve into issues --
15 A Mr. Healy, it's funny because yes, there are
16 other issues, but they are related issues.
17 Q Well, I will move on. However, I can tell you
18 that this is something I will have to seek out.
19 A I'm curious. Again, I did this reading
20 and -- I've got cases here. I guess we should
21 wait on this. But it's really terribly
22 interesting in terms of trying to provide what is
23 needed for discovery and not -- I don't want to
24 present an adversarial -- I mean, in that

Page 80

1 respect, there are certain things that happened
2 and certain symptoms that remain. And I just
3 want to be clear. I'm trying to be as
4 cooperative as possible --
5 Q Okay, I --
6 A -- while I'm trying to protect myself from
7 potential privacy infractions that will --
8 Q That's fine. Mr. Logue, all I'm saying is you
9 have now told me repetitively that you have
10 sought out treatment and continue to seek out
11 treatment relating to this incident, and you're
12 attributing it to the conduct that occurred on
13 that particular day; correct?
14 A Yes.
15 Q All right. I will move on, but I -- I'll move
16 on.
17      Are there any other damages that you
18 are alleging or attribute, other than any medical
19 or emotional or psychological conditions?
20 A I have not sat down and itemized everything
21 that -- how it's impacted or how much this is
22 responsible for certain things that I feel
23 occurred as a result of this. For instance, not
24 being able to go back on Harvard property, I