DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
*************************
                         *
GEORGE LOGUE             *
                         *
        Plaintiff,       *
                         *                CIVIL ACTION
v.                       *                NO.: 03-12637-DPW
                         *
HARVARD UNIVERSITY, ET AL. *
                         *
        Defendants.      *
                         *
*************************
```

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH ORDER OF THE COURT

Pursuant to Fed. R. Civ. P. 37(b), President and Fellows of Harvard University, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter collectively referred to as "Harvard") hereby move this Honorable Court to dismiss the plaintiff's amended complaint. As grounds for this Motion, Harvard states the following:

1.  On August 11, 2006, Harvard filed a Motion to Compel Further Deposition Testimony and Production of Medical Records with this Honorable Court pursuant to Fed. R. Civ. P. 37(a). (**Exhibit A**, Defendants' Motion to Compel).

2.  Upon hearing the Motion, on October 12, 2006 the Court allowed Harvard's Motion to Compel Further Deposition Testimony and Production of Medical Records. The Court ordered the plaintiff to identify medical providers as far back as 1997 by October 20, 2006. (**Exhibit B**, Court Order dated October 12, 2006, Docket Number 58).

3.  As of October 26, 2006, defendants' counsel has yet to receive any documentation from the plaintiff, as ordered by the Court. Moreover, the plaintiff has failed to contact defendants' counsel to discuss the same.

4.  The plaintiff's instant disregard for the Court's Order is another example of the plaintiff's consistent pattern of abusing the processes of the Court. The docket of this matter is riddled with instances of the plaintiff's failure to comply with the Rules of Civil Procedure, Discovery Requests, and Orders of the Court. "The fact that the plaintiff appears *pro se* is not a license to abuse the process of the Court." *See Kane v. New York*, 468 F. Supp. 586, 592 (S.D.N.Y. 1979); *see also Jones v. Social Security Admin.*, 2004 WL 2915290 (D. Mass., 2004) (citing *Eagle Eye Fishing Corp. v. Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir.1994) (proceeding *pro se* "is not a license not to comply with the relevant rules of procedural and substantive law" (internal citations omitted)).

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37(b)(2) and 27(b)(2)(C),

> (b)(2) If a party … fails to obey an order to provide or permit discovery, …the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In reviewing the pretrial process in this matter, it is apparent that the plaintiff has chosen to ignore the rules and the orders of this Court to which he is bound. The plaintiff's disregard for Judge Woodlock's most recent order compelling production of medical records is not an isolated occurrence. As noted above, plaintiff has repeatedly chosen to disregard the processes of the Court. As one example, the Court initially set the discovery deadline for June 30, 2005. The plaintiff made a motion for extension of time to complete discovery and was granted such extension for August 15, 2005. On August 24, 2005, the plaintiff made yet another motion for extension of time to complete discovery. This motion was denied on October 13, 2005 and the plaintiff was ordered to produce

discovery to defendants by October 20, 2005. Over one full year later, the defendants are still awaiting certain discovery materials.

Perhaps more egregious, Harvard directs this Court to its previous Motion to Dismiss the Plaintiff's Complaint for Failure to Appear for Deposition. (**Exhibit C**, Filed December 23, 2005, Docket Number 51). Although the Court ultimately denied the Motion, the impetus for filing that Motion was the plaintiff's failure to appear for his deposition a **second time**, despite a warning by this Court previously. Such conduct on the part of a party is not tolerated in this Circuit. *Young v. Gordon*, 330 F. 3d 76 (1st Cir. 2003) (affirming dismissal because of the plaintiff's repeated failure to comply with case-management deadlines, discovery requests, and deposition appearance).

The plaintiff in the instant case has consistently prayed this Court's forgiveness in missing case-management or Court Ordered deadlines, or claimed ignorance to the rules for which he is bound. However, based upon the number of recent Complaints the plaintiff has served in this Court and the prolific filings made in conjunction with those cases, the plaintiff cannot be considered wholly inexperienced such that he does not have to comply with an Order of the Court. The plaintiff's actions in this case, and his indifference to the judicial process, warrant the severe sanction of dismissal. See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("…the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

## CONCLUSION

For the reasons set forth above, Harvard hereby respectfully requests that its Motion for Sanctions in the form of a dismissal of the plaintiff's amended complaint, with prejudice, be allowed.

## REQUEST FOR ORAL ARGUMENT

Harvard respectfully requests a hearing on its motion.

>THE PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY; OFFICERS MARREN, HEALY, DIVIRGILIO AND TWOMEY,
>
>By their attorneys,
>
>/s/ Robert W. Healy
>John F. Rooney, III
>BBO# 426895
>Robert W. Healy
>BBO# 630714
>Melick, Porter & Shea, LLP
>28 State Street, 22nd Floor
>Boston, MA 02109
>(617) 523-6200

DATED:   October 26, 2006


## CERTIFICATION

Pursuant to Local Rule 7.1, the defendants' ability to confer with the plaintiff has been limited, if not impossible since the first filing in this matter. Furthermore, due to the deadlines established by this Court, filing of this motion at the present time is necessary. In light of the foregoing, I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

>George Logue
>General Delivery
>Boston, MA 02205


>/s/ Robert W. Healy
>
>Robert W. Healy

DATED:   October 26, 2006

# EXHIBIT A

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

| | |
|---|---|
| GEORGE LOGUE<br><br>Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, ET AL.,<br><br>Defendants. | CIVIL ACTION<br>NO.: 03-12637-DPW |

**DEFENDANTS' MOTION TO COMPEL FURTHER DEPOSITION TESTIMONY AND PRODUCTION OF MEDICAL RECORDS**

Pursuant to Fed. R. Civ. P. 37 (a), the defendants, President and Fellows of Harvard College, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter collectively referred to as "Harvard") move to compel the plaintiff to identify the medical provider(s) for which he has sought medical/psychological treatment. Harvard moves to compel the plaintiff to execute an authorization to obtain any medical records associated with that treatment and finally to compel limited deposition testimony regarding his treatment as it relates to this action.

As grounds for this Motion, Harvard states the following:

1.  On March 23, 2005, Harvard served upon the plaintiff their first set of interrogatories. (**Exhibit A**, Harvard's First Set of Interrogatories to the Plaintiff)

2.  Interrogatories Number Eight and Nine inquired about any alleged emotional

distress the plaintiff sustained as a result of the allegations in his complaint, as well as the medical providers he sought treatment with for those conditions .

3.  In response, the plaintiff asserted that he had not sought treatment specific to the distress he was alleging. (**Exhibit B**, Plaintiff's Answers to Harvard's Interrogatories).

4.  Harvard's attorneys deposed the plaintiff on July 13, 2006, at their offices.

5.  In response to questioning about his alleged emotional distress, the plaintiff testified he sought medical treatment with a provider in Boston. However, the plaintiff refused to provide the name of that provider, or to answer questions relating to the treatment he had received and continues to receive. (**Exhibit C**, Deposition Transcript of George Logue, pp. 74-80).

6.  Despite his assertions to the contrary in his answers to interrogatories, the plaintiff has introduced his mental and emotional condition as an element of his claims against Harvard.

7.  The plaintiff is alleging he suffered and continues to suffer from anxiety as a result of the events alleged in his complaint. (**Id.** at pg 77-78).

8.  The plaintiff also has a history of psychological treatment prior to the date of the incident that is the subject of this complaint. **Id**.

8.  To the extent the plaintiff intends to affirmatively allege as part of his damages this anxiety and any treatment attendant thereto, Harvard is entitled to those treatment records following this incident , as well as those records for treatment that pre-existed this accident. *See Sorenson v. H & R Block, Inc., et al*, 197 F.R.D. 199 (D.Mass., 2000); *Booker v. City of Boston*; 1999 WL 734644

(D.Mass., 1999); *Vanderbilt v. Town of Chilmark, et al.*, 174 F.R.D. 225,

(D.Mass., 1997).[1]

## CONCLUSION

For the reasons set forth above, Harvard hereby requests that its Motion to Compel be allowed.

## REQUEST FOR A HEARING

Harvard requests a hearing on its motion.

THE PRESIDENT AND FELLOWS OF
HARVARD UNIVERSITY; OFFICERS
MARREN, HEALY, DIVIRGILIO AND
TWOMEY

By their attorneys,


/s/ Robert W. Healy
John F. Rooney, III
BBO# 426895
Robert W. Healy
BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

DATED:    August 11, 2006

---

1.    Harvard is clearly entitled to information such as the dates of treatment, the existence of any prior psychological treatment, and the dates of such pre-existing treatment. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D. Mass. 1997).

## CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>George Logue
>General Delivery
>Boston, MA 02205


>/s/ Robert W. Healy
>Robert W. Healy

Date: August 11, 2006

# EXHIBIT B

**United States District Court**
**District of Massachusetts (Boston)**
**CIVIL DOCKET FOR CASE #: 1:03-cv-12637-DPW**

| | |
|---|---|
| Logue v. Harvard University | Date Filed: 12/15/2003 |
| Assigned to: Judge Douglas P. Woodlock | Jury Demand: Defendant |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

George Logue      represented by    **George Logue**
General Delivery
Boston, MA 02205
PRO SE

V.

**Defendant**

Harvard University      represented by    **John F. Rooney**
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775
617-523-6200
Fax: 617-523-8130
Email: jrooney@melicklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert W. Healy**
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02176
617-523-6200
Fax: 617-523-8130
Email: rhealy@melicklaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2003 | 1 | MOTION for Leave to Proceed in forma pauperis by George Logue.(Jenness, Susan) Additional attachment(s) added on 9/28/2004 (Jenness, Susan). (Entered: 12/31/2003) |
| 12/31/2003 | | Case undergoing preliminary screening (Jenness, Susan) (Entered: 12/31/2003) |
| 01/29/2004 | 2 | NOTICE of Change of Address by George Logue. (Rynne, Michelle) (Entered: 02/02/2004) |
| 03/03/2004 | 3 | Judge Douglas P. Woodlock : ORDER entered granting 1 Motion for Leave to Proceed in forma pauperis.The Clerk shall return the complaint to the undersigned for screening on the merits pursuant to 28 U.S.C. 1915(e)(2) and summonses shall NOT issue pending the completion of screening on the merits. Copy of Order mailed to plaintiff. (Morse, Barbara) Modified on 3/4/2004 (Morse, Barbara). (Entered: 03/04/2004) |
| 03/03/2004 | 4 | COMPLAINT against Harvard University, filed by George Logue.(Jenness, Susan) |

| | | |
|---|---|---|
| 01/27/2006 | 56 | MEMORANDUM in Support re 55 MOTION for Sanctions filed by George Logue. (Attachments: # 1 Affidavit)(Nici, Richard) (Entered: 01/30/2006) |
| 02/02/2006 | 57 | Opposition re 55 MOTION for Sanctions *and Renewed Motion to Dismiss* filed by Harvard University. (Healy, Robert) (Entered: 02/02/2006) |
| 06/12/2006 | | ELECTRONIC NOTICE of Hearing on Motion 55 MOTION for Sanctions, 51 MOTION to Dismiss *Plaintiff's Amended Complaint for Failure to Appear for Deposition*: Motion Hearing set for 6/22/2006 10:00 AM in Courtroom 1 before Judge Douglas P. Woodlock. (Rynne, Michelle) (Entered: 06/12/2006) |
| 06/22/2006 | | ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Status Conference held on 6/22/2006, 55 MOTION for Sanctions filed by George Logue - DENIED; 51 MOTION to Dismiss *Plaintiff's Amended Complaint for Failure to Appear for Deposition* filed by Harvard University - DENIED upon direction that defendant appear for deposition on 7/13/06 at 10:00 a.m. at Melick, Porter and Shea. Deposition shall take no longer than 2 hours. Parties should be preparing for trial. (Court Reporter Pam Owens.) (Rynne, Michelle) (Entered: 06/22/2006) |
| 08/11/2006 | 58 | MOTION to Compel *Further Deposition Testimony and Production of Medical Records* by Harvard University.(Healy, Robert) Additional attachment(s) added on 8/14/2006 (Nici, Richard). (Entered: 08/11/2006) |
| 08/14/2006 | | Notice of correction to docket made by Court staff. Correction: docket entry #58 corrected because:the exhibits were scanned with the motion and should be attachments. (Nici, Richard) (Entered: 08/14/2006) |
| 09/21/2006 | | ELECTRONIC NOTICE of Hearing on 58 MOTION to Compel *Further Deposition Testimony and Production of Medical Records*: Motion Hearing set for 10/12/2006 03:30 PM in Courtroom 1 before Judge Douglas P. Woodlock. Parties should be prepared to address any outstanding issue. (Rynne, Michelle) (Entered: 09/21/2006) |
| 10/12/2006 | | ElectronicClerk's Notes for proceedings held before Judge Douglas P. Woodlock : Motion Hearing held on 10/12/2006 re 58 MOTION to Compel *Further Deposition Testimony and Production of Medical Records* - Allowed. By 10/20/06, plaintiff must identify providers (as far back as 1997). Plaintiff shall execute waivers authorizing defendant access to records subject to protective order. Defendant shall draft protective order. Deposition shall resume and defendant may inquire as to treatment starting in 1997. Parties should be prepared to go to trial in the spring of 2007. (Court Reporter D. Joyce.) (Rynne, Michelle) (Entered: 10/12/2006) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 10/25/2006 17:08:08 | | | |
| PACER Login: | mp0366 | Client Code: | 000-000 |
| Description: | Docket Report | Search Criteria: | 1:03-cv-12637-DPW Start date: 12/15/2003 End date: 10/25/2006 |
| Billable Pages: | 5 | Cost: | 0.40 |

# EXHIBIT C

DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * * * *
                                 *
GEORGE LOGUE                     *
                                 *
     Plaintiff,                  *
                                 *
v.                               *    CIVIL ACTION
                                 *    NO.: 03-12637-DPW
                                 *
HARVARD UNIVERSITY, ET AL.,      *
                                 *
     Defendants.                 *
                                 *
                                 *
                                 *
* * * * * * * * * * * * * * * * *
```

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED
COMPLAINT FOR FAILURE TO APPEAR FOR DEPOSITION**

Pursuant to Fed. R. Civ. P. 37 (d), the defendants, President and Fellows of Harvard University, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter collectively referred to as "Harvard") move to dismiss the plaintiff's amended complaint. As grounds for this Motion, Harvard states the following:

1.  On December 8, 2005, Harvard noticed the plaintiff's deposition for December 22, 2005. (**Exhibit A**, Notice of Taking Deposition of the plaintiff).

2.  The deposition was noticed pursuant to this Court's order that permitted limited discovery. (See Order dated November 10, 2005).

3.  Prior to noticing the plaintiff's deposition, Harvard attempted to communicate with the plaintiff to ascertain convenient dates for his deposition. (**Exhibit B**, November 30, 2005 Letter of Attorney Robert W. Healy to the plaintiff).

4.  The plaintiff has previously received correspondence sent to him at his given address.

5.  The plaintiff failed to respond to the November 30, 2005 letter or to the Notice of Taking Deposition. (**Exhibit C**, Affidavit of Attorney Robert W. Healy).

6.  On December 23, 2005, a stenographer appeared for the properly noticed deposition. (**Exhibit C**).

7.  The plaintiff failed to appear at the deposition and did not contact Harvard's attorneys in an effort to explain his absence. (**Exhibit C**).

8.  This is the *second* time the plaintiff has failed to appear for a properly noticed deposition. (**Exhibit D**, Transcript of the plaintiff's deposition).[1]

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37(d) and 37(b)(2)(C),

> d) If a party. . . . fails (1) to appear before the officer who is to take the deposition, after being served with proper notice, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [issue various orders, including:]
>
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

When analyzing the pretrial process in this case, the plaintiff has chosen to ignore the rules and the orders of this Court to which he is bound. This is not an isolated occurrence. As noted above, this is the second time the plaintiff has failed to appear for his deposition, despite a

---

[1] Harvard did not move for sanctions for the plaintiff's failure to appear on that date. However, at a hearing before the Court on October 13, 2005, the plaintiff offered no excusable reason for his failure to appear to this Court and the Court warned him of the dangers in doing so.

warning by this Court. Such conduct on the part of a party is not tolerated in this Circuit. See *Guex v. Allmerica Financial Life Ins. and Annuity Co.*, 146 F. 3d 40, 42-43 (1st Cir. 1988)(wherein the plaintiff "demonstrated a troubling lack of respect for the judicial process by failing to appear at his deposition, failing to explain his failure, and then having the impertinence to suggest that the magistrate judge had shown no interest in hearing his side of the story.")

The plaintiff has consistently prayed this Court's forgiveness in missing deadlines, or claimed ignorance to the rules for which he is bound. However, based upon the number of recent complaints the plaintiff has served in this Court and the prolific filings made in conjunction with those cases, the plaintiff cannot be considered wholly inexperienced such that he does not have to appear for his deposition on more than one occasion. "[The most severe .. of sanctions ... must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). *Accord Guex, supra* at 43. The plaintiff's actions in this case and his indifference to the judicial process warrant the severe sanction of dismissal.

## CONCLUSION

For the reasons set forth above, Harvard hereby requests that its Motion for Sanctions in the form of a dismissal with prejudice be allowed.

## REQUEST FOR A HEARING

Harvard requests a hearing on its motion.

THE PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY; OFFICERS MARREN, HEALY, DIVIRGILIO AND TWOMEY

By their attorneys,

/s/ Robert W. Healy
John F. Rooney, III
BBO# 426895
Robert W. Healy
BBO# 630714
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

DATED: December 23, 2005

## CERTIFICATION

Pursuant to Local Rule 7.1, the defendants ability to confer with the plaintiff is limited, if not impossible. Furthermore, due to the deadlines established by this Court, filing of this motion at the present time is necessary.

/s/ Robert W. Healy