DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
GEORGE LOGUE                              *
                                          *
        Plaintiff,                        *
                                          *           CIVIL ACTION
v.                                        *           NO.: 03-12637-DPW
                                          *
HARVARD UNIVERSITY, ET AL.                *
                                          *
        Defendants.                       *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO COMPLY WITH ORDER OF THE COURT

Pursuant to Fed. R. Civ. P. 37(b), President and Fellows of Harvard University, Harvard University Police Officers Marren, Healy, DiVergilio and Twomey (hereinafter collectively referred to as "Harvard") hereby move this Honorable Court to dismiss the plaintiff's amended complaint. As grounds for this Motion, Harvard states the following:

1. On August 11, 2006, Harvard filed a Motion to Compel Further Deposition Testimony and Production of Medical Records with this Honorable Court pursuant to Fed. R. Civ. P. 37(a). (**Exhibit A**, Defendants' Motion to Compel).

2. Upon hearing the Motion, on October 12, 2006 the Court allowed Harvard's Motion to Compel Further Deposition Testimony and Production of Medical Records. The Court ordered the plaintiff to identify medical providers as far back as 1997 by October 20, 2006. (**Exhibit B**, Court Order dated October 12, 2006, Docket Number 58).

3. As of October 26, 2006, defendants' counsel has yet to receive any documentation from the plaintiff, as ordered by the Court. Moreover, the plaintiff has failed to contact defendants' counsel to discuss the same.

4.  The plaintiff's instant disregard for the Court's Order is another example of the plaintiff's consistent pattern of abusing the processes of the Court. The docket of this matter is riddled with instances of the plaintiff's failure to comply with the Rules of Civil Procedure, Discovery Requests, and Orders of the Court. "The fact that the plaintiff appears *pro se* is not a license to abuse the process of the Court." *See Kane v. New York*, 468 F. Supp. 586, 592 (S.D.N.Y. 1979); *see also Jones v. Social Security Admin.*, 2004 WL 2915290 (D. Mass., 2004) (citing *Eagle Eye Fishing Corp. v. Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir.1994) (proceeding *pro se* "is not a license not to comply with the relevant rules of procedural and substantive law" (internal citations omitted)).

## ARGUMENT

Pursuant to Fed. R. Civ. P. 37(b)(2) and 27(b)(2)(C),

> (b)(2) If a party ... fails to obey an order to provide or permit discovery, ...the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (b)(2)(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In reviewing the pretrial process in this matter, it is apparent that the plaintiff has chosen to ignore the rules and the orders of this Court to which he is bound. The plaintiff's disregard for Judge Woodlock's most recent order compelling production of medical records is not an isolated occurrence. As noted above, plaintiff has repeatedly chosen to disregard the processes of the Court. As one example, the Court initially set the discovery deadline for June 30, 2005. The plaintiff made a motion for extension of time to complete discovery and was granted such extension for August 15, 2005. On August 24, 2005, the plaintiff made yet another motion for extension of time to complete discovery. This motion was denied on October 13, 2005 and the plaintiff was ordered to produce

discovery to defendants by October 20, 2005. Over one full year later, the defendants are still awaiting certain discovery materials.

Perhaps more egregious, Harvard directs this Court to its previous Motion to Dismiss the Plaintiff's Complaint for Failure to Appear for Deposition. (**Exhibit C**, Filed December 23, 2005, Docket Number 51). Although the Court ultimately denied the Motion, the impetus for filing that Motion was the plaintiff's failure to appear for his deposition a **second time**, despite a warning by this Court previously. Such conduct on the part of a party is not tolerated in this Circuit. *Young v. Gordon*, 330 F. 3d 76 (1st Cir. 2003) (affirming dismissal because of the plaintiff's repeated failure to comply with case-management deadlines, discovery requests, and deposition appearance).

The plaintiff in the instant case has consistently prayed this Court's forgiveness in missing case-management or Court Ordered deadlines, or claimed ignorance to the rules for which he is bound. However, based upon the number of recent Complaints the plaintiff has served in this Court and the prolific filings made in conjunction with those cases, the plaintiff cannot be considered wholly inexperienced such that he does not have to comply with an Order of the Court. The plaintiff's actions in this case, and his indifference to the judicial process, warrant the severe sanction of dismissal. See *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976) ("…the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.").

## CONCLUSION

For the reasons set forth above, Harvard hereby respectfully requests that its Motion for Sanctions in the form of a dismissal of the plaintiff's amended complaint, with prejudice, be allowed.

## REQUEST FOR ORAL ARGUMENT

Harvard respectfully requests a hearing on its motion.

> THE PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY; OFFICERS MARREN, HEALY, DIVIRGILIO AND TWOMEY,
>
> By their attorneys,
>
> /s/ Robert W. Healy
> John F. Rooney, III
> BBO# 426895
> Robert W. Healy
> BBO# 630714
> Melick, Porter & Shea, LLP
> 28 State Street, 22nd Floor
> Boston, MA 02109
> (617) 523-6200

DATED:   October 26, 2006

## CERTIFICATION

Pursuant to Local Rule 7.1, the defendants' ability to confer with the plaintiff has been limited, if not impossible since the first filing in this matter. Furthermore, due to the deadlines established by this Court, filing of this motion at the present time is necessary. In light of the foregoing, I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid, to the following:

> George Logue
> General Delivery
> Boston, MA 02205

> /s/ Robert W. Healy
>
> Robert W. Healy

DATED:   October 26, 2006

4