```
          UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

FILED
CLERKS OFFICE

2006 NOV 13 A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |  |
|---|---|---|
| George Logue | ) | CIVIL ACTION |
|  | ) |  |
| Plaintiff | ) | CASE NO.1:03-12637 DPW |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| The President and | ) |  |
| Fellows of Harvard | ) |  |
|  | ) |  |
| Defendants | ) |  |

## PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH ORDER OF THE COURT

Plaintiff hereby moves, pursuant to Fed. R. Civ. P. 37, that this Court issue an Order sanctioning defendant for willfully disobeying this honorable court's Order issued October 12, 2006 in which and whereupon the Court specifically directed defendant draft and provide, among other things, a protective order pertaining to records which the defendant has demanded. Plaintiff's Motion is submitted because defendant has, in bad faith made this an issue and then failed to provide the necessary documents, which the court had directed them to provide. Plaintiff asserts defendant has done so in a manner as unreasonably to annoy, further embarrass, and oppress plaintiff and prevent this case from moving forward. This is more fully set forth below in plaintiff's affidavit, attached hereto. As grounds for this motion plaintiff states as follows:

1. On October 31, 2006, plaintiff emailed the court clerk, raising concern over items that were to be addressed by the defendant prior to plaintiff being

1

able to address the issue of records. Upon review of rule 26, and rules of evidence, in order to be able to respond to the court's October 12, 2006 hearing Order, a protective order should be of consideration. The defendant was to have fashioned waivers and a protective order first, outlining exactly which records were to be provided, their intended use, and by whom the records may be viewed.

Rule 26(c) sets forth:

"The court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . "

In fact, this court agreed with plaintiff, in that hearing, where concern was expressed that executing access beforehand would be to grant unlimited access to ANY records. With such concerns the court's Order was clear, "Plaintiff shall execute waivers . . . **subject** to protective order. Defendant shall draft protective order." *Docket Text, Court Order 10/12/06*

2. On October 31, 2006 plaintiff received a Motion of October 26, 2006 from defendant. No other submittals had been presented to plaintiff subsequent to the hearing of October 12, 2006. No protective order had been received, and no contact had been made by defendant's counsel.

3. The issue and concerns regarding failure to first make an attempt to confer has been raised before and in which defendant's were previously warned by this court. Although plaintiff has repeatedly provided the same information to the defense, pertaining to contact, Healey keeps presenting and using this issue as an excuse.

Rule 37(b)(2) sets forth:

"If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just . . "

"..In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure,.."

Wherefore, the reasons discussed herein plaintiff requests that defendant's Motion to dismiss be denied and that defendant be sanctioned pursuant their willful disobedience of the Court's Order of October 12, 2006.

November 9, 2006                           Respectfully submitted,

                                           *[signature: George Logue]*

## CERTIFICATION

I, George Logue, hereby certify that on this day I delivered a true copy of the foregoing documents by mailing a copy thereof, postage prepaid to the following:

Robert Healey
Melick, Porter, & Shea
28 State Street
Boston, MA 02176

11/9/06

**ABLITT & CHARLTON, P.C.**
92 Montvale Avenue, Suite 2950
Stoneham, Massachusetts 02180
Telephone: (781) 246-8995
Fax: (781) 246-8994

MAIL BY REGULAR & CERTIFIED MAIL

11/08/2006

Denise Hurley
12 Westminster Avenue
Boston, MA 02119
8.0939 / Hurley

RE:   Mortgage on 12 Westminster Avenue, Boston, MA 02119
      Mortgage from Denise Hurley to MERS as nominee for Columbia Home Loans
      LLC DBA Brokers Funding Services, Co. in the original principal amount of
      $380,000.00

**NOTICE OF MORTGAGE DEFAULT AND INTENT TO FORECLOSE
AND OF DEFICIENCY AFTER FORECLOSURE
(Ch. 244 SEC. 17B)**

Dear Denise Hurley:

Ablitt & Charlton, PC has been retained to represent the holder of the Note and Mortgage on the above referenced property. Our client has informed us that you are presently in default under the terms of your Note and Mortgage secured by the property referenced above. Specifically, you have failed to make payments on this note as agreed.

Our client has requested that we invoke the STATUTORY POWER OF SALE contained in the mortgage and commence foreclosure proceedings. You have certain rights, including the right to reinstate and the right to bring court action to assert the nonexistence of default or any other defense you may have to the proposed acceleration and sale. WE ADVISE THAT YOU SEEK THE ASSISTANCE OF COUNSEL. Again, at any time after acceleration and before the sale of the property you have the right to reinstate or payoff your loan. Our client also reserves its right, if not precluded by applicable bankruptcy laws, to pursue a deficiency action after foreclosure.

If you need any information regarding your loan, you may contact our office at (781) 246-8995.

Sincerely,

Brian T. LaManna, Esquire
8.0939 / Hurley


CERTIFIED MAIL NO. 7006 2150 0000 2987 1668

FC305/HP3



November 01, 2006

FC3050016428492
Denise Hurley
12 Westminster Ave
Roxbury, MA 02119

PRIORITY CODE: 107804
RE: LOAN NUMBER:   0016428492
PROPERTY:   12 Westminster Ave
            Boston MA 02119

Dear Denise Hurley :

This letter is to notify you that we have forwarded your account to an attorney/trustee to immediately initiate foreclosure proceedings.  Once the foreclosure action has been initiated, attorney fees and costs will be added to the amount due.

Should you wish to reinstate or pay off your loan, or if you have questions regarding the foreclosure process, please contact the attorney/trustee handling the foreclosure at the following phone number:

                ABLITT & CHARLTON PC
                (781)246-8995

If full reinstatement is not possible, alternatives to foreclosure may be available to you.  You may contact our Loss Mitigation Department at 1-888-577-4011 for further information.  Please be advised that normal foreclosure action will continue while foreclosure alternatives are being discussed.

If this loan is not brought current, or if a foreclosure alternative is not agreed upon prior to the foreclosure sale date, you will be notified as to the date the property must be vacated.  Therefore, a timely response is essential.

Sincerely,


EMC Mortgage Corporation

NOTICE: EMC is attempting to collect a debt and any information obtained will be used for that purpose.

