UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

George Logue

       Plaintiff

v.

The President and
Fellows of Harvard

       Defendants

CASE NO.1:03-12637 DPW

<u>PLAINTIFF'S MOTION FOR ORDER TERMINATING DEPOSITION</u>

    Plaintiff hereby moves, pursuant to Fed. R. Civ. P. 30, that this Court issue an Order terminating the taking of Deposition of George Logue by the defendant's counsel on the ground that such further examination would be conducted in bad faith and in such a manner as unreasonably to annoy, further embarrass, and oppress the deponent and keep him from moving forward with this trial in which he may examine the defendants. This is more fully set forth in plaintiff's affidavit, attached hereto. As grounds for this motion plaintiff states as follows:

1. The deposition of plaintiff began on July 13, 2006.

2. This court had given instructions for the deposition at hearing in June 2006. At that time, the court had instructed that the deposition should cease if such subject matter was raised that it's relevance was questioned. During the deposition, such questions were raised by defendant's counsel and plaintiff suggested that this court be consulted. The deposition on July 13, 2006 ended.

3. Plaintiff was surprised to receive defendant's Motion to Compel, pursuant to Rule 37(a), where he had not outright invoked privacy concerns (M.G.L. c. 233 20B) but only called for a recess to allow a discussion before this court. Plaintiff's concern of privacy and privilege is therefore expressed herein pursuant to Fed. R. Civ. P. 26(b)(5) pertaining to questions regarding medical treatment and information.

1

4. In weighing defendant's claimed need for such information, even simply the names of other treaters, a patients privacy interests in such instances have repeatedly been found to with stand the demands of such privileged information. Plaintiff has not waived that privilege by making a general claim of emotional distress. The existence of privilege in a federal proceeding is clearly governed by federal, not state, law. See Fed. R. Evid. 501; *Jaffe v. Redmond*, 518 U.S. 1, 116 S. Ct. 1923, 135 L. Ed. 2d 337 (1996); *United States v. Gillock*, 445 U.S. 360, 368, 100 S. Ct. 1185, 63 L. Ed. 2d 454 (1980).

For these reasons plaintiff asserts the deposition has served its purpose and now requests the court terminate the deposition so that this case may move to trial.

October 12, 2006                                Respectfully submitted,

                                                *[signature]*

2