UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| George Logue | CIVIL ACTION |
| Plaintiff | CASE NO. 1:03-12637 DPW |
| v. | |
| The President and Fellows of Harvard | |
| Defendants | |

<u>PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH ORDER OF THE COURT, AND OPPOSITION OF PLAINTIFF TO RENEWED MOTION TO DISMISS</u>

Issues

The imposition of sanctions, including attorney's fees, and plaintiff's costs incurred as a result of the defendants' failure to file timely responses (see Fed.R.Civ.P. 37(b), 377 Mass. 910 [1979]), is warranted as the judge deems appropriate. See 8 Wright & Miller, Federal Practice & Procedure § 2284 (1970).

On the other hand, Federal Rules of Civil Procedure, Rule 37 should not be construed to authorize dismissal of a complaint because of [false assertions of] noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to any fault of the plaintiff. He had awaited contact by the defendant regarding the scheduling of deposition, and submittal of the protective order.

1

Defendant failed to draft and provide a protective order as outlined in the District Court's hearing Order from October 12, 2006.

Argument

The purpose of discovery is to further it.  Contrary to that effort, defendant has done nothing but impede the discovery process; in this instance by failing to comply with the District Court's October 12, 2006 hearing Order to draft a protective order.  Federal Rules of Civil Procedure, Rule 37 (a) (3) is clear, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." And in failing to respond with the protective order, defendants have caused another delay to the overall objective of the District Court's Order.

The issue of providers and treaters had been contested at the October 12, 2006 hearing for reasons and concerns of privacy.  Where the District Court's Order directs that provider's names be revealed, the Order is clear that defendant's were to first draft a protective order.  Aside from the court's stipulation for the defendant's to draft that order first, the document is needed by plaintiff to fully assess his privacy concerns.

Defendants renewed motion to dismiss therefore is nonsensical where it is premised upon a false accusation, and rather, it is the defendant's own deficient response which has prompted this call for sanctions.

The record compels a conclusion that any mistakenly alleged failure to satisfy fully, the requirements of that U.S. District Court's Order of October 12, 2006, was due

2

neither to plaintiff's conduct nor circumstances within his control. The defendant has previously withheld discoverable information from plaintiff, and in this instance failed themselves to provide the necessary information and documents stipulated in the October 12th Order which would enable plaintiff to respond in kind.

## Discussion

In accordance with Federal Rules of Civil Procedure, plaintiff respectfully has gone out of his way to provide information in response to each additional request and as directed at each of the status hearings. Opposition of plaintiff (docket 53 AND 54) to defendant's previous motion to dismiss, follows again where plaintiff has continued to act in accordance with the directives by this court, even while finding it necessary to point out, that it has been *the defendant's* that have been deficient, now twice, in providing necessary information. Further, where a cardinal tenet of discovery under Rule 37, is that parties are expected to work out problems between themselves, this is the second time defendant has feigned (defendant's certification under local rule 7.1, p. 4 of his motion) an attempt at conferring, when no attempt at all was made. Defendant has all necessary contact information and at no time did plaintiff receive an inquiry prior to receiving defendant's renewed motion. The court previously warned defendant on this issue, and such conduct also subjects defendant to sanctions under Fed. R. Civ. P., Rule 11.

## Conclusion

Wherefore, the reasons cited in the foregoing arguments, defendant's renewed motion to dismiss should be denied, and plaintiff prays his request for sanctions be granted and include reasonable expenses.

November 13, 2006                    Respectfully submitted,

                                     _____

## CERTIFICATE OF SERVICE

I, George Logue, plaintiff, hereby certify that I caused a true copy of the documents above to be served on the opposing parties as listed below, by serving one copy of same via first class mail postage paid.

11/13/06

Mr. Robert Healy
Melick, Porter, & Shea
28 State Street
Boston, MA 02210