DISTRICT OF MASSACHUSETTS
UNITED STATES DISTRICT COURT

| | |
|---|---|
| GEORGE LOGUE<br><br>    Plaintiff,<br><br>v.<br><br>HARVARD UNIVERSITY, ET AL.<br><br>    Defendants. | CIVIL ACTION<br>NO.: 03-12637-DPW |

## DEFENDANTS' OPPOSITION TO PLAINITFF'S MOTION FOR SANCTIONS

1. On October 12, 2006 the Court allowed the defendants' Motion to Compel Further Deposition Testimony and Production of Medical Records. The Court ordered the plaintiff to identify medical providers as far back as 1997 by October 20, 2006.

2. It was the defendants' understanding of the clear language of the Court's Order, that the identification of these providers was to occur before the circulation of a Protective Order by the parties. This Protective Order would then be utilized along with other mechanisms to obtain the plaintiff's medical records from those identified providers

3. As of October 26, 2006, defendants' counsel has yet to receive any documentation from the plaintiff, as ordered by the Court and filed its most recent motion to dismiss.

4. Subsequent to filing that motion, counsel for the defendants was contacted by Michelle Rynne, Clerk for Justice Woodlock, inquiring about the status of the production of the plaintiff's medical providers after hearing from the plaintiff. Apparently, there was some confusion

as to which was to occur first, the production of the list of medical providers, or a proposed Protective Order.

4. With that understanding, Ms. Rynne indicated the plaintiff would be contacting counsel about resolving the confusion. Defendants' Counsel did not hear from the plaintiff. However, they did forward a proposed protective order in the interest of resolving the matter.

5. Defendants' Counsel has also indicated to the plaintiff it will withdraw its motion based on this confusion. The plaintiff has not agreed to withdraw his motion.

6. Harvard continues to agree to withdraw its motion in the interest of moving this case forward. They ask the plaintiff to contact their counsel about whether the proposed Protective Order is acceptable to him. If so, it will be submitted for the Court's approval.

7. However, it is important to note, the plaintiff has filed a notice of appeal of the October 12, 2006 Order of this Court. Accordingly, the above suggestions are dependent upon whether the current action is stayed pending that appeal.

8. Finally, the defendants cite the above procedural history in opposition to the plaintiff's motion for sanctions.

                                                 THE PRESIDENT AND FELLOWS OF HARVARD UNIVERSITY; OFFICERS MARREN, HEALY, DIVIRGILIO AND TWOMEY,

                                                 By their attorneys,

                                               /s/ Robert W. Healy
                                               John F. Rooney, III
                                               BBO# 426895
                                               Robert W. Healy
                                               BBO# 630714
                                               Melick, Porter & Shea, LLP
                                               28 State Street, 22nd Floor
                                               Boston, MA 02109
                                               (617) 523-6200

DATED:       November 22, 2006

CERTIFICATE OF SERVICE

I, Robert W. Healy, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

>George Logue
>General Delivery
>Boston, MA 02205

>/s/ Robert W. Healy
>Robert W. Healy

Date: _____11/22/06_____